McCALEB, Justice.
 

 The defendant has appealed suspensively from an order awarding alimony pendente lite to his wife and three children at the rate of $15 per week.
 

 The evidence taken at the trial of the rule for alimony shows that defendant is a butcher by trade and a gambler by preference. He states that he has been out of employment because handbooks have been closed in the city of New Orleans; that a $30 per week job as a butcher was available to him but that he refused it since it required him to stand for long periods, which would be injurious to his health.
 

 In this court, defendant’s counsel contends that the alimony award was improper as Article 148 of the Civil Code applies only in cases where the husband has means or is earning an income and that, since the evidence shows that defendant is impecunious, the decree should be set aside.
 

 While it is true that the alimony pendente lite provided for by Article 148 of the Code is assessed in proportion to the needs of the wife and the means of the husband, it was never contemplated that the latter could escape liability for alimony thereunder by refusing to work. On the contrary, Article 120 of the Civil Code imposes upon the husband the duty to support his wife and his neglect to fulfill his obligation, when she is in necessitous circumstances, renders him amenable to the penalties provided by Articles 74 and 75 of the Criminal Code.
 

 Moreover, there are three children in the case at bar, aged 6, 5 and 2 years respectively, who are entitled to alimony under Article 227 of the Civil Code. But counsel for defendant says that his client is not responsible for the support of the children as they were born out of wedlock.
 
 [1]
 

 The contention that the children are not those of the marriage seems to be an afterthought on the part of defendant as he
 
 *785
 
 refers to them in his testimony as his children and further stated that he had them in his custody at that time.
 
 [2]
 
 Hence, since he admits that they are his children, they have been fully legitimated by the subsequent marriage of the parties. See Article 199 of the Civil Code.
 

 The judgment appealed from is affirmed.
 

 [1]
 

 it appears from the wife’s petition that the parties were married on Novem-. her 7th 1944 and she claims that the ehildren were born of the union.
 

 [2]
 

 He was ordered by the judge to deliver the children to his wife.