179 So.2d 672 (1965)
Louise Powell VISER, Plaintiff-Appellee,
v.
Harry L. VISER, Defendant-Appellant.
No. 10427.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
Love, Rigby & Donovan, Shreveport, for appellant.
Leroy H. Scott, Jr., Shreveport, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
This appeal by Harry L. Viser is from a judgment on a rule nisi ordering him to pay alimony pendente lite to Louise Powell Viser, plaintiff in the rule, in the sum of $300.00 per month; $150.00 of which would be payable on the first and a similar sum on the fifteenth day of each month beginning April 1, 1965.
Appellant states the sole issue presented herein is whether or not, under the circumstances as shown upon the trial of the rule, Louise Powell Viser should have been awarded any alimony.
The evidence upon trial of the rule filed on March 24, 1965 discloses that during the two preceding years defendant's admitted gross income was approximately $3,600.00 per month, but that after December 31, 1964 his only income has been royalty payments of $50.00 per month; and that defendant has attempted to find employment without success. Viser testified he had no property and no income with which to pay the alimony *673 award. It was admitted, however, that when the rule was tried Harry L. Viser was then engaged in a business venture which may result in income. Appellant has urged that Mrs. Viser has in her possession property consisting of two or three hundred dollars, a valuable mink coat, and a set of pearls which respondent asserts is worth approximately $1,100.00, and that she is living with her mother at no expense. He testified that he is obligated to support a child of a former marriage in the amount of $75.00 per month.
The rule of law applicable to this case is that if the wife has not a sufficient income for her maintenance pending a suit for separation or divorce, the judge may allow her "a sum for her support, proportioned to her needs and to the means of her husband." LSA-C.C. Art. 148. The amount which a husband is required to pay to the wife for her maintenance must be determined by the facts and circumstances of each particular case, and the fixing of the amount to be paid is largely within the discretion of the trial court. In Brown v. Harris, 225 La. 320, 72 So.2d 746, (1954), the court declared:
"* * * [I]t is well settled that a judgment awarding or refusing alimony is subject to change, adjustment, or modification at any time when changes in the circumstances of the parties may justify it." [72 So.2d 746, 747]
From examination of the record we find the respondent in the rule has not shown the wife has adequate income or means for her maintenance during the pending suit for separation and divorce. Our statutory law recognized the husband as the head and master of the community of acquets and gains of the marriage and as such he is the sole administrator. The wife has no control over the sources of community revenue and, therefore, the husband must give her a sufficient amount for her maintenance while a suit for the dissolution of the marriage is pending.
Although it is indicated Harry L. Viser has not enjoyed a substantial income since January 1, 1965, the record does reveal, however, that he possesses the capacity to earn perhaps substantial income from his profession and thereby fulfill his obligation by paying alimony as awarded and directed by the trial court.
We are of the opinion that trial court has not abused its discretion in fixing the amount of the alimony. Accordingly, the judgment from which appealed is affirmed at appellant's cost.