275 So.2d 421 (1973)
Stephanie ASHE, wife of Ronald J. RAKOSKY
v.
Ronald J. RAKOSKY.
No. 5031.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1973.
Rehearing Denied April 3, 1973.
Writ Refused June 11, 1973.
Philip R. Riegel, Jr., Sydney J. Parlongue, New Orleans, for plaintiff-appellee.
Joseph Meyer, Jr., Rakosky & Meyer, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
A husband who left a $12,000-a-year job in anticipation of entering private law practice appeals from the rejection of his rule *422 to suspend or reduce his wife's alimony pendente lite, C.C. art. 148, because of his loss of income.
We first note that circumstances beyond the husband's control reduced to $12,000 the $13,000 salary he earned when the $350 alimony was fixed by consent. We conclude a reduction to $325 is required on this basis.
We do not disagree that the husband's alimony obligation ought not prevent his attempting private practice, and that a decreased income from practice should be considered in reviewing the amount of his alimony obligation. But here the only evidence of substantial loss in income is that the husband quit his salaried job, which his supervisor testified remained available to him. He had not yet decided what practice opportunity to pursue, and did not anticipate "any kind of firm decision in the next three weeks. * * * If necessary, I can go longer. I don't want to rush into something."
A capable husband may not avoid his alimony obligation by quitting work; Viser v. Viser, 179 So.2d 672 (La.App.1965). After the husband had begun practice and the trial court could consider his actual circumstances, further reduction might be justified. But here the refusal to suspend was correct.
The judgment on rule is amended to reduce alimony to $325 and is otherwise affirmed.
GULOTTA, Judge (concurring in part, dissenting in part).
I concur with the reduction of the alimony award but dissent from the amount of the reduction.
The husband has shown a change of circumstances, which, though not justifying any suspension or discontinuance of alimony, nevertheless, in my opinion, entitles him to a substantial reduction. There is no indication that the husband is in bad faith or that he discontinued employment to avoid alimony payments.

ON APPLICATION FOR REHEARING
PER CURIAM.
Because the husband's lack of income (due, as of the trial date, to his having elected to become temporarily unemployed) allegedly continued when he in fact entered law practice,[1] he argues that we mistake the facts and therefore apply the wrong law.
Although we are satisfied we have stated the facts correctly, perhaps we should have made more clear our reference to the trial court's authority to modify an alimony decree pending appeal from an earlier ruling, since the trial court must be the source of relief for persons in the husband's situation.
C.C.P. art. 2088 does not deprive the trial court of jurisdiction except "over all matters in the case reviewable under the appeal * * *" (our emphasis). On appeal, the question is whether the trial court's refusal to reduce alimoy was correct according to circumstances at the time of the refusal. If, since then, a substantial change has occurred in the husband's income or the wife's needs, the effect of such a change is not "reviewable under the appeal" from the original ruling. Jurisdiction to modify amount of alimony fixed by a ruling already on appeal, on the basis of the facts at the time of the original fixing, does lie exclusively in the court of appeal. But jurisdiction to modify on the *423 basis of subsequent changes in circumstances, lies exclusively in the trial court.
The application for rehearing is denied.
GULOTTA, J., dissents from denial of rehearing.
NOTES
[1] Eighteen months have since passed, during which, counsel advise, the husband has neither paid any alimony nor sought reduction based on his actual circumstances and the wife has made no effort to collect any alimony.