308 So.2d 816 (1975)
Jacquelyn Harvey SYKES
v.
Thomas SYKES.
No. 6661.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
Joseph W. Thomas, New Orleans, for defendant-appellant.
Reed, Reed & D'Antonio, Floyd J. Reed, Metairie, for plaintiff-appellee.
Before BOUTALL, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
The first of two judgments appealed from by the husband awarded to the pregnant wife $20.00 per week alimony pendente lite and an additional $20.00 per week child support for two children. The second judgment denied the husband the right to be discharged from the payment of this alimony and child support.
Appellant's first contention is that as a matter of law the wife is not entitled to the alimony or child support because the authority for awarding the former, LSA-C.C. Art. 148, requires her to prove that he has the "means" to pay, while the authority for the award of the latter, C.C. Art. 231, requires her to show that he is in "circumstances" *817 to be able to pay it. His second contention is that the trial judge erred as a matter of law when he acknowledged that the husband was not gainfully employed but held that the wife should have judicial recognition as a creditor so as to enable her to share in her husband's bankruptcy and to enjoy various benefits, such as Social Security, welfare, and the like.
Taking the second contention first, we agree with the husband that it was error for the trial court to base the decision to award alimony and child support on anything other that C.C. Arts. 148 and 210. While there may be good reasons to award alimony and child support so as to make the wife the husband's creditor irrespective of his means or circumstances, the problem addresses itself to the legislature and not to the courts for a remedy.
Nevertheless the trial court also found in reference to the husband "that a healthy, American male has an income capacity in this day and age." (This on March 1, 1974, when the second trial was held.) From our review of the record we find that this observation by the trial judge is supported by the testimony and the minimal award to the wife is in keeping with the law as interpreted by the jurisprudence.
Once the wife established her need and that of her children there was some presumption that the husband could pay something to provide for them, and the question became whether he carried his burden to prove that he had absolutely no means and was in such circumstances that he could not pay even minimal subsistence to her. His testimony was that he was not employed regularly and that he caught only a day of work here and there helping a friend on a truck and he thereby earned $15 per day. He said that he had registered for employment at the State Unemployment Agency and had looked for a job without success. He attributed his plight to a lack of education and skill. But his testimony was not such as to lead us to conclude he has exhausted every possible means in order to find some steady work.
In order for a husband to excuse himself from the obligation to provide minimal financial assistance to a wife and children he must show that he is absolutely unemployable, not merely that he is unemployed at the time. Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir. 1973) and Viser v. Viser, 179 So.2d 672 (La.App. 2nd Cir.).
While the circumstances in the cited cases are entirely different from those in the instant case the principle is the same as that announced in Zaccaria v. Beoubay, 213 La. 782, 35 So.2d 659, where the Supreme Court held that the husband may not escape liability for alimony by refusing to work, and "his neglect to fulfill his obligation, when she is in necessitous circumstances, renders him amenable to the penalties provided by Articles 74 and 75 of the Criminal Code."
Accordingly, the judgment appealed from is affirmed.
Affirmed.