SCHOTT, Judge.
The wife has appealed from a judgment suspending the payment of any child support. In May, 1974, appellee, a dentist, had been ordered to pay $500 for the support of his four minor children.
In support of his rule the appellee produced a letter from Charity Hospital terminating his employment there as of July 15, 1975, and a number of letters he wrote seeking employment. He testified that he maintained a private office for the practice of dentistry but earned only $50 per week from this source, although he had earned as much as $17,000 per year from his practice until 1972. He also testified that the community between him and appellant, not yet partitioned, owned “properties,” but he gave no details as to the value. He did say the property was mortgaged but there was nothing in the record to show the community’s probable net worth.
Appellant testified that she earned $650 as an instructor of student nurses, she was paying the mortgage notes on the home owned by the community, and occupied by her and the children, but she could not meet all of the expenses of rearing her children without some contribution from her husband. When appellant was asked about the financial needs of her children, appellee’s attorney objected and stipulated that “the lady needs everything that she can get.”
We cannot condone a suspension of child support payments on the basis of this record. The best that can be said for Dr. Mittlebronn is that having lost his job on July 15 he had not found a dental position suitable to him by the time the rule was tried on August 11. The sum total of his demonstrated efforts to locate a new position consisted of some ten letters he wrote to different institutions around the country and in Canada. However, Dr. Mittlebronn’s children still require food, clothing, shelter, education and the other necessities of life. Dr. Mittlebronn did not show that he is unemployable, as we pointed out was necessary in Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir. 1975), in order for a father to excuse himself from the obligation to provide some minimal financial assistance to his children.
Furthermore, appellee’s evidence was confined to his lack of income. But in determining child support under LSA-C.C. Art. 227 the Court may consider the assets of the father, as well as his income. Sanders v. Sanders, 250 La. 588, 197 So.2d 635 (1967). Appellee’s admission that he had an interest in a community which owned property militates against his position that child support payments should be suspended. For him to prevail he would have to prove that he had no assets as well as no income and that he was unemployable.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of Mrs. Joan Rulis Mittle-bronn and against Dr. Ernest J. Mittle-bronn, III, dismissing his rule to suspend child support payments for the support of his four minor children.
REVERSED AND RENDERED.