348 So.2d 225 (1977)
Mary Alice Hardy MOSLEY, Plaintiff-Defendant in Rule-Appellee,
v.
Dr. Walter MOSLEY, Defendant-Plaintiff in Rule-Appellant.
No. 6068.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Rehearing Denied August 1, 1977.
Writ Refused October 26, 1977.
Makar & Whitaker by John B. Whitaker, Natchitoches, for plaintiff-appellant.
Thomas & Dunahoe by Edwin Dunahoe, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
GUIDRY, Judge.
A husband who voluntarily left a $20,000.00 a year job to enroll in the Louisiana State University School of Law appeals from an adverse judgment denying his motion for a reduction in his child support payments.
Initially in this proceeding a judgment of divorce was granted between Mary Alice Mosley and Dr. Walter Mosley. This judgment, which was rendered on January 25, 1975 in favor of Mrs. Mosley, granted her custody of the three children of the marriage and condemned Dr. Mosley to pay the sum of $500.00 per month in child support.
Dr. Mosley was at the time of the divorce employed as head of the Department of English at Northwestern State University at Natchitoches, Louisiana. Dr. Mosley voluntarily terminated his employment with the University following the 1976 summer school session. Thereafter on October 26, 1976, Dr. Mosley, after having entered law school, filed a motion to reduce his child support payments due to his loss of income.
*226 Dr. Mosley testified that he would be willing to make child support payments in the amount of $200.00 per month. He revealed that from the community property funds he was able to pay for his housing for the full term of law school and presently has remaining only $4500.00 in savings. Dr. Mosley, who has not been employed since leaving his University position, stated that his savings should be able to get him through his freshman year of law school. He anticipates having to work part-time after completion of his first year.
Mrs. Mosley did not testify at the hearing on this motion, however the evidence indicates that she is living in Denton, Texas with her three children. She is at this time, with the aid of a fellowship grant, pursuing a doctorate degree.
Appellant contends the trial court erred in finding he was not entitled to a reduction in child support because he voluntarily changed his financial condition.
Appellant argues that he is not trying to escape the alimentary obligation imposed upon him under Civil Code Article 227, in that he is not seeking a total suspension of payments, nor is he trying to escape with a minimal payment. Rather appellant argues he is willing and able to pay the substantial sum of $200.00 per month in child support. Appellant relies on the proposition that in order to obtain this reduction in his child support payments it is only incumbent upon him to prove a change in his circumstance, i. e., loss of income. See Fisher v. Fisher, La.App., 320 So.2d 326.
Although our search into the jurisprudence discloses no cases which are apposite to the peculiar facts of the instant matter we recognize that it is a well established rule that a husband may not avoid his alimony obligation by quitting work. Viser v. Viser, 179 So.2d 673 (La.App. 1st Cir. 1965); Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir. 1973), writs refused June 11, 1973. In the Rakosky case a husband left a $12,000.00 a year job in anticipation of entering private law practice. Thereafter he filed a motion to suspend or reduce his wife's alimony pendente lite because of his loss of income. The court in rejecting his motion for a reduction of his alimony payments stated at page 422:
"We do not disagree that the husband's alimony obligation ought not prevent his attempting private practice, and that a decreased income from practice should be considered in reviewing the amount of his alimony obligation. But here the only evidence of substantial loss of income is that the husband quit his salaried job, which his supervisor testified remained available to him. He had not yet decided what practice opportunity to pursue, and did not anticipate `any kind of firm decision in the next three weeks. * * * If necessary, I can go longer. I don't want to rush into something.'
A capable husband may not avoid his alimony obligation by quitting work; Viser v. Viser, 179 So.2d 672 (La.App. 1965). After the husband had begun practice and the trial court could consider his actual circumstances, further reduction might be justified. But here the refusal to suspend was correct." (Emphasis ours)
We observe that with the exception of Rakosky v. Rakosky, supra, in the cases above cited, as well as in the other cases relied on by the appellee, the issue presented was whether the husband's alimony and child support payments should be completely suspended. Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir. 1975); Mittlebronn v. Mittlebronn, 337 So.2d 608 (La.App. 4th Cir. 1976). As stated in Sykes v. Sykes, supra, at page 817:

"In order for a husband to excuse himself from the obligation to provide minimal financial assistance to a wife and children he must show that he is absolutely unemployable, not merely that he is unemployed at the time." (Emphasis ours)
The instant matter is distinguishable in that appellant does not seek a complete suspension of his child support payments. Additionally, the instant matter is distinguishable from Rakosky, supra. In this latter connection we note that the appellant husband herein is attending law school *227 which will require some three or so years to complete. Dr. Mosley's present circumstances are fixed and can be actually considered, whereas in Rakosky, although he quit his salaried position to enter private law practice, he had not made a firm decision in this regard. The court, unable to consider Rakosky's actual circumstances, stated that a reduction might be justified when he had begun his law practice.
The narrow issue presented here is whether a husband, whose change of circumstance is due to his voluntary termination of employment, will be permitted to have his child support payments reduced, while engaged in further educational pursuits.
As aforementioned we can find no case in which this particular issue was dealt with and our study of the jurisprudence reveals no specific guidelines. We determine that in such a case a reduction in child support payments may be ordered upon a showing by the father that a change of circumstance has occurred; his voluntary change of circumstance is reasonable and justified; he is in good faith and not attempting to avoid his alimentary obligation; and, his action will not deprive his children of continued reasonable financial support. We emphasize the fact that the employable husband can not completely escape his responsibility to support his children. See Sykes v. Sykes, supra; Mittlebronn v. Mittlebronn, supra. We agree with appellant that a husband's alimony obligation to his children ought not to prevent him from attempting further educational pursuits provided he remains able to provide reasonable financial assistance to his children, i. e., food, clothing, shelter, education, and the other necessities of life commensurate with their needs and his ability to pay.
After examining the record it is quite obvious that the appellant has shown a change of circumstance. Although once employed as a professor of English he is now unemployed, while attending law school. The evidence also shows that appellant has demonstrated that his voluntary change of circumstance was reasonable and justified. We cannot say that for a person to want to seek a career in law, even considering appellant's past position, is unjustified. Law is a most honorable profession, which in most instances provides one not only with a high standard of living, but with a great deal of self fulfillment. Furthermore, we find that the two years[1] which it will require appellant to obtain his legal degree is reasonable, and that following completion of his schooling the benefits of appellant's legal education will surely accrue to his children.
Secondly, our review of the evidence clearly reveals that the appellant, after much considered thought, decided to pursue a legal career. It was a decision he did not make lightly. We are of the opinion appellant made the decision in good faith and not in an attempt to avoid his alimentary obligation. This finding is further supported by appellant's willingness to pay support to his children in the amount of $200.00 per month.
Finally, the record indicates that from his savings and earnings from part-time employment, relator should be able to provide his children with a reasonable amount of support.
Under the particular facts of this case we conclude that appellant's demand for a reduction in child support payments is justified and should be granted. We recognize that Dr. Mosley's pursuit of a legal career will impose some short term sacrifice on his children, however, this fact must be considered and necessarily balanced against the fact that Dr. Mosley was apparently discontent with his former career as an educator and that his new found career may well provide benefits for his children beyond those which he was able to provide while in the field of education. Under any circumstances, however, we conclude that the adjustment in support payments should be such as to accord reasonable financial support to the children.
*228 Although, under LSA-C.C.P. Article 2164, this court has authority to render a specific decree reducing the initial award of child support we believe that the interests of justice will best be served by a remand of this matter to the trial court for appropriate reduction. This is so because the evidence taken at the original hearing is not made a part of the record on appeal. There is nothing in the record before us concerning the ages of the children, their specific needs, etc. The only evidence in the record concerns a change in the relator's ability to pay. Under the circumstances we are unable to render an appropriate decree balancing the needs of the children against their father's ability to pay.
For the above and foregoing reasons the judgment of the trial court rejecting relator's motion for a reduction in child support payments is reversed and set aside and the matter is remanded to the trial court for further proceedings consistent with the views hereinabove expressed. All costs of these proceedings on appeal are to be borne by relator-appellant.
REVERSED AND REMANDED.
NOTES
[1] Appellant has presumably completed his first year of law school at this time.