357 So.2d 53 (1978)
Mary Anne Bradford PENNEY
v.
Wayne Frank PENNEY.
No. 8851.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Writ Refused June 2, 1978.
*54 Reed, Reed & D'Antonio, Floyd J. Reed, Metairie, for plaintiff-appellant.
Daniel A. McGovern, IV, New Orleans, for defendant-appellee.
Before STOULIG, BEER and GAUDIN, JJ.
BEER, Judge.
Mary Anne Bradford Penney appeals a district court award to her for alimony pendente lite and child support in the amount of $365.00 per month, plus 40% of the net amount, after deductions, of defendant-appellee's overtime pay as a police officer. She questions the correctness of awarding a set sum plus a percentage of overtime, rather than a specific monthly figure, contending that such an award encourages defendant to avoid overtime work and enables him to have ultimate control over the amount paid to her. Further, she points out that the resulting indefiniteness makes it exceedingly difficult for her to manage her financial affairs in an orderly manner. Appellant argues that the award should be computed upon a projection of her former husband's previous history of earnings (including overtime pay).
In our view, such a sweeping amendment to the trial court's painstaking effort to fairly resolve this matter would be nothing more than a substitution of our view for that of the judge who heard the case. We find the record supports the trial court's implicit conclusion that appellee's overtime earnings might be diminished and are, at best, unpredictable.
The principal cases relied upon by appellant are distinguishable. Zaccaria v. Beoubay, 213 La. 782, 35 So.2d 659 (1948), and Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir. 1973), writ ref., 278 So.2d 508, deal with situations where the former husband sought to avoid payment by totally refraining from gainful employment. More similar is Mosley v. Mosley, 348 So.2d 225 (La.App. 3rd Cir. 1977), writ denied, 350 So.2d 1213. In this case, as in Mosley, supra, the award does not deprive the children of reasonable financial support.
Appellant's final contention is that alimony should be based on the husband's gross income since federal income tax provisions permit him to deduct the amount of alimony payments. This is correct. See, Roberts v. Roberts, 145 So.2d 669 (La.App. 4th Cir. 1962). Although the trial judge questioned the defendant concerning the difference between his gross and net pay, there is no indication that the court's award of $365.00 per month was based on net income. In fact, at one point in her brief, appellant acknowledges that the $365.00 *55 award was based on $982.00 per month the gross city and state pay (not counting overtime). Therefore, the award of $365.00 per month will not be disturbed. However, the award of 40% of overtime after deductions is inconsistent with Roberts v. Roberts, supra.
Accordingly, the judgment in favor of Mary Anne Bradford Penney and against Wayne Prank Penney, awarding alimony pendente lite in the amount of $365.00 per month plus 40% of net amount, after deductions, of the overtime pay of Wayne Frank Penney, commencing March 15, 1977, and payable bi-monthly, is amended so as to award Mary Anne Bradford Penney alimony pendente lite in the amount of $365.00 per month plus 40% of the overtime pay[1] of defendant, Wayne Frank Penney, commencing March 15, 1977, and payable bimonthly. In all other respects, the judgment is correct and is affirmed, at appellant's costs.
AMENDED AND AFFIRMED.
NOTES
[1] We would prefer affirming a judgment for a gross specified amount rather than a specified amount plus a percentage of overtime but recognize the problem existent in this case and in similar situations where income may markedly fluctuate because of heavy dependency upon overtime, commissions, etc. We deem it important that the trial judge be given considerable latitude in confecting the method of payment so as to provide the greatest possibility for substantial justice between the parties. With this position in mind, we hesitate to suggest guidelines for the method of calculation. However, we do recognize the apparent soundness of opposing counsel's contention that past performance as to gross income might be an effective basis for the tentative fixing of monthly or semi-monthly payments where the defendant's job remains essentially unchanged even though there is fluctuation with respect to overtime, commissions, etc.