363 So.2d 1312 (1978)
Mrs. Joan Rulis MITTELBRONN
v.
Ernest J. MITTELBRONN, III.
No. 9455.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
*1313 Parlongue & Riegel, Philip R. Riegel, Jr., New Orleans, for defendant-appellant.
Tucker & Schonekas, Arthur S. Mann, III, New Orleans, for plaintiff-appellee.
Before REDMANN, LEMMON and BEER, JJ.
BEER, Judge.
The parties to these proceedings were judicially separated in February, 1973. Appellee, Mrs. Joan R. Mittelbronn, was awarded custody of their four minor children, and alimony pendente lite was fixed in the amount of $500. In August, 1975, the trial court suspended the payments, based on evidence that appellant had lost his position as a dentist with Charity Hospital and remained unemployed.[1] In April, 1976, the parties were divorced, at which time the court ordered monthly child support payments in the amount of $200.
In September, 1977, following another hearing on appellee's rule to increase child support from the $200 award noted above, the trial court placed Dr. Mittelbronn under mandate to elevate his income within six months.[2] However, about six weeks later, appellee filed a second rule to increase. Acting on the second rule, in November, 1977 (after an evidentiary hearing), the trial court ordered monthly support payments to be increased from $200 to $600.[3] Defendant-appellant here appeals from that November, 1977 order, seeking reinstatement of the $200 monthly rate. He alleges that the increase is unwarranted because (1) plaintiff-in-rule failed to carry the burden of proof of change in circumstances, and (2) the child support judgment exceeds his ability to pay and infringes on his right to engage in private dental practice.
Appellant contends that plaintiff-in-rule failed to prove a change in circumstances since the April, 1976 divorce judgment, the order to increase apparently being based only upon the fact that time had elapsed which should have enabled Dr. Mittelbronn to elevate his income so as to provide reasonable child support.
Though it is correct that the party seeking modification of a child support award is generally required to allege and prove a "change in circumstances," Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), judicial focus on the totality of pertinent circumstances is in accord with La.C.C. article 231, which provides:
"Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it."
The trial court received into evidence an itemized list of the children's monthly living expenses, totaling $1,542.70. Mrs. Mittelbronn testified that her monthly net income as a nursing instructor amounted to $740, and that $215 of the $289 monthly house note is allocated to the four children. She also testified that due to the children's necessitous circumstances, she is indebted to various relatives in the amount of $7,000. *1314 Although Dr. Mittelbronn testified that his private dental practice averaged only about eight patients weekly and was his sole source of income, he admitted that he had recently paid $3,400 in attorney fees; $5,000 to repay a loan from Dr. Sinclair; $3,000 to Davidson Dental Supply Company; $1,000 travel expenses; and $8,000 to his mother as partial repayment of a loan. Dr. Mittelbronn has remarried[4] and testified that most of their current living expenses are actually paid for by his present wife (for which he signs IOU's) and that he pays monthly apartment rental of $175 (also by IOU) to his mother (and lessor). Defendant demonstrated a remarkable lack of knowledge of his business expenses and his present living expenses.
Mrs. Mittelbronn's petition alleged increased expenses since the April 1976 judgment. Though the record appears devoid of evidence of child support expenses upon which the reduction to $200 was based when set at that time, an earlier judgment for child support (January, 1974) in the amount of $500 was apparently based on evidence of itemized monthly expenses of $1,042.75. Thus, on November 18, 1978, when the trial court received evidence of expenses amounting to $1,542.70 monthly, a change in circumstances from the last hearing at which evidence of need was adduced was demonstrated. Furthermore, the able trial judge was quite familiar with the circumstances of the parties[5] and obviously concluded from all the evidence that the children had consistently required much more than $200 per month and that now Dr. Mittelbronn was fully capable of providing the increase.
Though the record is also devoid of evidence regarding Dr. Mittelbronn's April 1976 income, changes in his circumstances since April, 1976 were established:
1) Increasing income from private practice.
2) Remarriage (subject to a pre-nuptial agreement).
The alleged marriage contract was not produced, and it is conjectural to attempt to determine the extent (if any) of the trial court's reliance on the second wife's admitted contributions to Dr. Mittelbronn's present living expenses.
What is most apparent is the trial court's familiarity with Dr. Mittelbronn's negligible efforts to earn an income commensurate with his potential and with the needs of his children, and, since the judgment was sufficiently based upon a showing that his overall financial circumstances supported the increase necessary to meet the clearly proven needs of his children, we find no manifest error in the action taken.
Insofar as actual amount of increase is concerned, such award is within the sound discretion of the trial court and will not be disturbed unless so manifestly erroneous as to constitute an abuse of discretion. Ducote v. Ducote, 339 So.2d 835 (La. 1976). Child support should be granted in proportion to the needs of the children and the totality of circumstances of those who are to pay.
We find no abuse of the trial court's great discretion in setting the amount, and, accordingly, the judgment is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] Mrs. Mittelbronn appealed the August, 1975 suspension, and on August 31, 1976, this court reversed and reinstated the $500 pendente lite award for the period of suspension prior to the divorce. Mittelbronn v. Mittelbronn, 337 So.2d 608 (La.App. 4th Cir. 1976).
[2] That rule was continued as an open matter to March 31, 1978.
[3] Effective as of November 15, 1977.
[4] The court noted his present wife's employment as a lab technician, as well as her income from rental property. Defendant testified to a recorded pre-nuptial agreement with his second wife, without detail as to stipulations.
[5] These parties have appeared before the trial court on numerous occasions: six judgments were rendered by Judge Duran during the period 1973-1977; in addition to numerous rules to accumulate past due child support pendente lite.