REDMANN, Judge.
An ex-husband appeals from a judgment which cast him for past due child support and refused to reduce future child support.
We must affirm the refusal to reduce because no change in circumstances was shown to justify a reduction; the record does not reveal what the circumstances were at the time of the consent fixing. See Bernhardt v. Bernhardt, La.1973, 283 So.2d 226; Mittelbronn v. Mittelbronn, La.App. 4 Cir. 1978, 363 So.2d 1312.
We amend the judgment on the past due support. The parties agreed that $13,-300 was due through May 1, 1978, but the husband had in fact agreed that the wife should, and she did, get $25,078.84 in December 1977, the net after-mortgages proceeds of the sale of their community home save $1,000. The issue was what credit the husband was due. The trial judge accepted the wife’s position that over $19,000 was her share of those community proceeds and another $1,900 was owed by the husband to her parents.
The husband’s principal complaint is that, because the community had other large debts the wife’s net share of the community would be only about $5,000. His testimony is that he was to both give her all the cash and alone pay all the debts, in order, in effect, to settle the community and the past-due child support. Unfortunately, as the trial judge noted, this settlement was not written; moreover, the wife remains personally liable on the community debts.
This problem does not, however, justify the solution of treating the fact that the wife has received $25,000 cash as if it were simply an overdistribution of her half of community cash. An ex-husband does not settle a community by actually giving his ex-wife half of the assets when unpaid community liabilities are nearly equal to the assets. The wife’s claim that some $19,000 of the $25,000 was “her half” of the proceeds is not a very reasonable explanation of why the husband consented to give her all the cash. The far more reasonable ex *170 planation for the husband’s consent is that he was paying her the past-due child support.
The fault in this whole case is that partition of the community had not occurred as of trial of the rule, three years after the judgment of separation which terminated the community. We recognize that Cookmeyer v. Cookmeyer, La.1977, 352 So.2d 232, reversing La.App., 349 So.2d 366, allows ex-spouses to partition a community piecemeal: but that is not what here happened. Here the husband gave the wife almost all of the community cash with the [mis?]understanding that it would discharge his past-due child support obligation; the wife nevertheless sued for the past-due child support and, in response to the husband’s defense, argues that the bulk of the money paid her was already hers as half of the gross assets of the community. We say her rebuttal position is unsound as a matter of law, and that Cookmeyer does not support such a unilateral declaration of partial settlement of community assets (ignoring liabilities). We also recognize that it was inappropriate for the husband to have used the cash of a debt-laden community to pay his child support obligation, but the wife— by the greater probability of the evidence— consented that he do so by giving to herself the community cash. We conclude that it was therefore error to award to the wife any past-due child support for the period prior to December 1977 when the $25,078.84 was delivered to her. At a minimum that payment must be attributed to pay child support up until its date.
Perhaps the agreement was for more, but it is not established. We therefore affirm the award of past-due support from January through June 1978, of $3,000 ($4,800 less $1,800 earlier paid), less a credit of $850 paid to the wife out of the $1,000 that her (former) attorney had held for the husband, for an amended judgment of $2,150.
We make no attempt at any accounting, other than to note that, out of the $25,-078.84 payment to the wife, we have credited $11,500 to the support due for 1976 ($6,450) and 1977 ($5,050), so that the wife has only $13,578.84 to be accounted for in the community settlement.
Judgment for past-due child support reduced to $2,150 and otherwise affirmed.