405 So.2d 1187 (1981)
Thomas O. LeBLANC
v.
Linda Spillar LeBLANC.
No. 14323.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1188 Thomas O. LeBlanc, in pro. per.
Charles M. Raymond, Baton Rouge, for plaintiff Thomas O. LeBlanc.
Richard T. Redd, Baton Rouge, for defendant Linda Spillar LeBlanc.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
Plaintiff Thomas O. LeBlanc filed suit against his wife Linda Spillar LeBlanc for a separation from bed and board on the ground of abandonment. Judgment was rendered in favor of the husband granting the separation. The wife was awarded custody of the one child of the marriage, along with child support in the amount of $175 per month. No alimony pendente lite was requested at that time. Subsequently, the wife filed a Rule for alimony pendente lite. After the hearing judgment on the rule was rendered in favor of the wife awarding her $400 per month alimony pendente lite. From this judgment the husband appeals raising the issue of the effect to be given the wife's unwillingness to accept employment contrary to her qualifications. The husband argues the trial court erred in granting the award of alimony pendente lite because plaintiff does not have sufficient means to provide support for the wife and the wife has not demonstrated a need for support because she willfully chooses not to accept employment for which she is qualified.
The record shows the husband and wife operated a child-care center of their own. Prior to and for a short time after the separation was granted, the wife was actively engaged in operating the business. She received a salary of $200 per week and had the use of the business car. At the time of the hearing for alimony pendente lite, the business was in liquidation and Mrs. LeBlanc was working intermittently as a substitute teacher in the Catholic school system. The extent of her earnings as a substitute teacher is not of record but was apparently quite limited.
The wife testified she holds a college degree in early childhood education qualifying her to teach and to take care of nursery centers. She had actively worked in these fields and, additionally, had recently served for a short time as a registered lobbyist. She also testified she chooses not to seek employment in nursery centers in spite of her experience and qualifications because they cannot pay her the salary that is due her.
The husband is employed as an industrial salesman and receives an average, gross monthly income of $1,900. His primary monthly expenses consist of an $850 per month note on the building which housed the child-care center, a $250 note on another piece of property, and the $175 per month child support obligation, totaling $1,255.[1] After payroll deductions of approximately $500 per month, plaintiff retains about $145 each month to cover all expenses, such as housing, food, clothing, transportation, etc.
The applicable law in this matter is La. Civ. Code art. 148, which was amended in 1979 to remove its prior unconstitutional sex-based bias. The law provides:
"If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
Prior to its amendment in 1979, this article allowed only the wife to obtain alimony pendente lite. The amendment of the article *1189 was accomplished after a United States Supreme Court opinion was rendered which rejected similar, sex-based legislation as unconstitutionally discriminatory. Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). See also, Lovell v. Lovell, 378 So.2d 418 (La.1979); Smith v. Smith, 382 So.2d 972 (La.App. 1st Cir. 1980).
In view of the foregoing recent history, we see strong and convincing evidence that the present article 148 must be interpreted on an even and non-discriminatory basis. Civil Code article 119 is not now, and has never been discriminatory. To attain the overall goals of our Civil Code, we consider articles 148 and 119 together. La. Civ. Code art. 17.
Article 119, which has remained basically unchanged since its adoption from article 212 of the Code Napoleon of 1804, expresses the clear belief of the redactors that the husband and wife owe to each other mutually, fidelity, support and assistance. Clearly then, when articles 148 and 119 are read together, the only conclusion to be drawn is so long as a marriage persists, either spouse must come to the assistance of the other, if the other is in need thereof.
In view of the recent amendment of article 148, and its relationship to article 119, requiring mutuality of support, the wife may not establish need for alimony pendente lite by merely refusing to work, just as the husband may not escape his obligation of support by merely refusing to work. See, Zaccaria v. Beoubay, 213 La. 782, 35 So.2d 659 (1948); Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir. 1973), writ denied, 278 So.2d 508; Viser v. Viser, 179 So.2d 672 (La.App. 2d Cir. 1965). To hold otherwise would allow either spouse to quit work, without just cause, merely for the purpose of requiring the other spouse to pay alimony pendente lite. Certainly, such a race to quit work first was not envisioned by the redactors of our laws.
There is no evidence before us establishing the inability of the wife to obtain employment in a nursery center, or the amount normally paid for such services. It may be, even considering the earning potential of the wife in such employment, she would be entitled to at least partial support. Accordingly, at any time the wife is free to again litigate and establish need consistent with the views herein expressed. Alimony is always subject to review pending a change in circumstances and should the wife find it impossible to obtain employment for which she is suited by education or experience, or should such employment not avail her of sufficient funds for her needs, she can again apply to the trial court for relief. Felton v. Felton, 342 So.2d 1135 (La.App. 1st Cir. 1977).
For the above stated reasons, we find the wife has not shown a valid need for alimony pendente lite, considering her recent employment and qualifications. We therefore reverse the holding of the court below.
Appellee is to pay the costs of this appeal.
REVERSED.
NOTES
[1] It appears from the record that the husband, at the time of the hearing, was not in fact paying this $850 note. He testified that he lacked the funds with which to do so.