YELVERTON, Judge.
Dub Barnard appeals a trial court decision that a temporary layoff from his job was not a change of circumstances sufficient to reduce an earlier judgment for child support and alimony. Finding no error in this ruling, we affirm.
The facts show that within the period of only six weeks following their separation, the appellant, Dub Barnard, got two separate hearings on the amount of his alimentary obligations to his wife Paula and their two small children. At the first hearing, held July 1, 1983, he was ordered to pay a lump sum as alimony and child support. At this time he was employed as an oil field worker for T.C. Morrow Drilling Company.
Just two weeks after the initial hearing and judgment, Dub filed a rule seeking a reduction of his payments. This rule, filed July 15, was fixed for hearing on August 16. Dub was still employed when he filed the rule, but he was laid off early in August. At the second hearing he urged that his lay-off (apparently anticipated when the rule was filed) was a change of circumstances rendering him unable to meet his payments. The trial judge, finding that the unemployment was temporary and therefore not a change of circumstances, refused to reduce the monthly payments.
This decision was eminently correct. The testimony at the August 16 hearing demonstrated what is often the ease when an interruption in employment occurs in close proximity to a hearing on a rule for *282 child support and alimony: it is too soon to tell whether or not there has been a real change of circumstances. In the instant case, during the two weeks that he had been unemployed Dub admitted he had not sought employment elsewhere, although he said he had filed for unemployment compensation benefits. He explained that he had not sought employment elsewhere because he expected to be called back to work by T.C. Morrow Drilling Company. In its reasons for judgment the trial court remarked that in this appellant’s type of work it was not unusual for him to have “gaps” in employment, that it was not likely the interruption of employment would continue indefinitely, and that therefore the husband had failed in his proof that there had been a change of circumstances.
The rule is firmly established that a party seeking an adjustment in a prior award must prove a change of financial circumstances. Landos v. Aymond, 448 So.2d 877 (La.App. 3rd Cir.1984).
A case very similar to ours, though it does not deal with a change of circumstances but rather with an initial fixing of child support, is Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3rd Cir.1984). There, a week before the hearing to determine child support, the father lost his job. His efforts to find new employment during that week were unsuccessful. He contended that because of his current unemployment he should not have been ordered to pay any child support. This court affirmed a judgment ordering him to pay child support. Our reasoning, citing Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir.1975) was that the husband, though unemployed, was employable, and that the simple fact he was unemployed at the time of the hearing did not relieve him of the obligation of child support, especially given the short period of his unemployment. For the same reasons, we find this two-week history of being out of work has not established factually a change in financial circumstances sufficient to justify a modification of the award.
The cases of Deaton v. Deaton, 393 So.2d 408 (La.App. 1st Cir.1980); Woodall v. Woodall, 397 So.2d 524 (La.App. 2nd Cir.1981); and Daigle v. Daigle, 448 So.2d 207 (La.App. 1st Cir.1984), where a reduction was allowed on a showing that the husband was then unemployed, are distinguishable. In each of these cases the judgment sought to be modified was several months old, and the husband was able to show a genuine financial deterioration over a period of time to substantiate his contention that there had been a change of circumstances.
This is not so in the present case. The appellant’s proof was too inconclusive to establish a change in circumstances sufficient to entitle him to a reduction of payments.
For these reasons, the judgment of the trial court is affirmed, with appellant to pay the costs of appeal.
AFFIRMED.