b CHARLES R. JONES, Judge.
The Appellant, Mr. Mitchell Ray Cota, appeals the judgment of the District Court in favor of Mrs. Lesa Donham Cota granting interim spousal support and denying appellant’s motion seeking child support for their minor child, Jessica. We VACATE AND REMAND IN PART and AFFIRM IN PART the district court judgement.
Statement of Facts and Procedural History
The Cotas were married on November 11, 1978 in Jefferson Parish. One child was born of the union, Jessica Kay Cota, who is seventeen (17) years of age. Mrs. *854 Cota was a homemaker, while Mr. Cota was the sole provider for the family. After twenty-four years of marriage Mitchell Ray and Lesa Donham Cota filed for divorce. The parties filed for divorce in Plaquemines Parish and were represented pro se.
The parties entered into a consent judgment, which not only granted the divorce, but also which stipulated the following:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the petitioner, Mitchell Ray Cota and Defendant, Lesa Donham Cota shall share joint custody of the minor child born of this marriage, [sic] NAMELY JESSICA KAYE COTA, with Mitchell Ray Cota having domicile care and control of said minor child. Lesa Donham | ?.Coat shall have reasonable visitation and shall not pay child support on said minor. Petitioner shall provide health insurance, pay'A of family yearly deductible, which is $300.00 and any co-payments until age 21 of said minor child. Petitioner shall pay spousal support in the amount ofy4th of military base pay. 2003[sie] base pay is $2709.60 per month. l/4th [sic] is $677.40 to be paid on the 1st and 15th of each month with the first month being February 2003. Spousal support will change every year with an annual increase or decrease. Spousal support shall stop at such time defendant remarries. Petitioner shall continue to provide defendant with health insurance. Defendant shall be responsible for$ family yearly deductible and any co-payments/ Community property shall be divided as followed [sic], petitioner, Mitchell Ray Cota shall retain (1) 1999 Chevy Pick up Silverado YIN # 1GCFC14W9XE157279 ... (2) NAS credit union [accounts] ... (3)½ of shell [sic] credit card account ... (4)½ of T-mobile cellular phone bill monthly ... (5)½ of automobile insurance with all state [sic] insurance company. Defendant Lesa Donham Cota shall retain (1) 2000 Chevy Malibu VIN # 1G1ND52J1Y6104933 ... (2)½ of shell credit card account ... (3)½ of T-mobile cellular phone bill monthly ... (4)½ of automobile insurance with all state [sic] insurance company ... (5) All medical bills on Lesa Donham Cota. (6) All household bills to maintain family home (7) shall have exclusive us of the 2003 Mobile Home Cavalier, Model-ESM16806 ..., located at 302 Ave L. Belle Chasse, LA 70037. NAS Credit Union Account ... other vehicle, $470.00 to be paid to Mitchell Ray Cota,fé on the first and½ on the 15th of each month. With the first month being March 2003. In September 2005, Lesa Donham Cota shall buy Mitchell Ray Cota’s interest of said Mobile Home at fair market value at time of buy out.
As specified by the consent judgment, Mr. Cota was to pay spousal support to Mrs. Cota in the amount of $677.40 each month, retroactive to February 2003. Additionally, the consent agreement also specified, inter alia, that Mr. Cota would be Jessica Cota’s domiciliary parent, that Mrs. Cota would not have to pay child support to Mr. Cota for Jessica’s care, and that Mrs. Cota be given exclusive use and occupancy of the community property mobile home, which was the family domicile. The consent judgment was also predicated upon Mrs. Cota’s obligation to pay, or rather, reimburse $470.00 to Mr. Cota each month, to offset his expenses for the mobile home mortgage. Considering the $470 payment, Mrs. Cota was left with a net income of $207.40 per month. The district court signed the consent judgment on June 17, 2003.
| sHowever, a few months after the judgment was rendered, and having to subside *855 on $207.40 per month, Mrs. Cota left the mobile home to live with her sister. In April 2003, Mr. Cota, rented the mobile home to his nephew, Ryan Cota, for a time[1] at a charge $470.00 per month. When Ryan Cota moved out of the mobile home, a few months later, Mr. Cota and Jessica moved in. Subsequent to moving into the mobile home, Mr. Cota ceased support payments to Mrs. Cota.[2]
On January 14, 2004, Mr. Cota filed a Rule to Terminate Spousal Support, to Establish Child Support, and for Use and Occupancy of the Matrimonial Domicile. On June 30, 2004, the district court reduced the spousal support award from $677.40 to 475.00 per month. Additionally, the district court found that Mr. Cota was unjustly enriched through rental proceeds received during the time his nephew, Ryan Cota, rented the mobile home. Mr. Cota was ordered to reimburse Mrs. Cota $100.00 per month for the arrearages he accrued in not paying spousal support for seven months. Thus, the income assignment order adjusted the spousal support award due to Mrs. Cota to $575.00 per month.
On July 8, 2004 Mr. Cota filed a Motion for New Trial and/or Set Aside Judgment. The Motion, which was granted, vacated and set aside the June 30, 2004 judgment.
On September 14, 2004, the district court reconsidered Mr. Cota’s consolidated Rule to Terminate Spousal Support, to Establish Child Support, and for Use and Occupancy of the Matrimonial Domicile. Although the district court denied the Rule to Terminate Spousal Support and Rule to Establish Child Support, the district court adjusted the spousal support obligation based upon Mr. Cota’s use and occupancy of the matrimonial domicile. Mr. Cota was awarded the exclusive use and occupancy of the mobile home. This appeal followed.
^Discussion
In his first assignment of error, Mr. Cota argues that the district court erred in denying his Petition to Establish Child Support. The district court based this conclusion on the fact that Mrs. Cota is impoverished and has several medical problems that prevent her from providing financial support for the couple’s minor child. Mr. Cota alleges that the district court erred because it failed to conduct a hearing on Mrs. Cota’s claims of poverty and medical problems.
Mrs. Cota, the appellee, claims that the district court did not err in its decision to deny the establishment of child support. She alleges that she is penniless, unemployable, and that her medical condition prevents her from obtaining employment.
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). In Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), the Louisiana Supreme Court announced a two-part test for the reversal of a fact finder’s determinations: 1). The appellate court must find from. the record that a reasonable factual basis does not exist for the finding of the trial- court, and 2). The appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous.
The child support guidelines set forth that support shall be calculated based upon the verified income statements of both parents showing their gross income *856 and adjusted gross income. La. R.S. 9:315.2 The Fifth Circuit affirmed this contention in Bercegeay v. Bercegeay, 617 So.2d 133, 135 (La.App. 5th Cir.1993). The court in Bercegeay reasoned that because the district court did not possess the necessary documents to determine the child support payments, the | (¡district courts judgment was vacated and remanded for determination of child support. Id. at 135. Neither party in this case provided the court with a verified income statement, thus the district court deviated from the child support guidelines.
A court may deviate from the child support guidelines only if it gives specific oral or written reasons. La. R.S. 9:315.1. The district court did not give oral nor written reasons why it chose not to require the parties to submit their income statements. Our review of the record indicates that the district court relied upon little more than Mrs. Cotas contention that she was unable to work, thus, the district court erred in not complying with the statutory guidelines
The Louisiana Supreme Court has held that the parental obligation to support their children is not only a matter of public policy but it is deeply entrenched in Louisiana law. As a furtherance to this rule, this honorable Court in Sykes v. Sykes, 308 So.2d 816, 817 (La.App. 4th Cir.1975), determined that a parent is not excused from paying child support simply because he is unemployed. The court must be shown that the parent is not only unemployed, but that he/she is unemployable. Sykes, 308 So.2d at 817. Mrs. Cota has not adequately shown this Court that she is unemployable. The record does not reflect that she provided any evidentiary support to convince the district court that she should not be required to pay child support on the basis of her medical condition, especially considering the fact that Mrs. Cota was recently employed by a Family Dollar Store at the time this appeal was filed. Thus, the district court was manifestly erroneous in its decision not to establish child support based on Mrs. Cotas inability to obtain employment. Therefore, we vacate and remand the district courts judgment for a hearing on the merits to determine whether Mrs. Cota is unable to obtain employment on the basis of her alleged medical condition.
In his second assignment error, Mr. Cota argues that the district court erred in denying his Motion to Terminate Spousal Support, thereby not disturbing Mrs. | fiCotas award of interim spousal support. However, as the Appellant failed to brief this assignment of error regarding the denial of his Motion to Terminate Spousal Support, this matter is considered abandoned in accordance with the Louisiana Uniform Rules of Court — Courts of Appeal 2-12.4. On this basis alone, the district court is hereby affirmed.
Decree
Based on the aforementioned reasons asserted, this matter is hereby remanded to the district court for the purpose of a hearing on the merits to determine whether Mrs. Cota is unemployable and incapable of providing child support for the parties minor child. We affirm the decision of the district court as to the matter concerning interim spousal support.
VACATED AND REMANDED IN PART; AFFIRMED IN PART.
ARMSTRONG, C.J., concurs in the result.

. The record does not indicate the length of time Ryan Cota rented the mobile home.

. The record reflects that Mrs. Cota has not received support payments since January 2004.