371 So.2d 1304 (1979)
Warren John MEYER, Jr.
v.
Sandra Mae Legendre MEYER.
No. 10165.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Writ Refused July 3, 1979.
*1305 R. Lee Eddy, III, New Orleans, for plaintiff-appellee.
Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellant.
Before LEMMON, SCHOTT and GARRISON, JJ.
LEMMON, J.
Mrs. Sandra Meyer has appealed from a judgment which, among other things, awarded her alimony pendente lite and child support totaling $747.36 per month.[1] The principal issue on appeal is whether the award is so inadequate as to constitute an abuse of discretion.
The couple had two children, ages 4½ and 1½ at the time of the July, 1978 trial. In 1977 Mr. Meyer, an engineer employed by J. Ray McDermott & Co., had earned $24,668.00 in his regular employment and $7,816.00[2] in non-recurring income from the sale of real estate held for investment. In 1978 his only income was from his salaried employment, but those gross earnings had been increased to $2,260.00 per month. After deductions for state and federal taxes, hospitalization insurance (which covered his wife and children), pension and retirement, his net monthly salary at time of trial was approximately $1,450.00.
Mrs. Meyer was a registered nurse, but was not working at time of trial. She estimated the amount needed to maintain herself and the children at their pre-separation standard of living was $1,240.97. She had just bought a new car, washing machine and lawnmower with community savings.[3]
On the other hand, the husband estimated his needs at $733.00, and on the basis of having handled all the finances prior to separation he estimated that $734.55 would maintain his wife and two young children according to their pre-separation standards.
On appeal Mrs. Meyer principally argues that the trial judge abused his discretion by basing alimony on the husband's net income. Citing Penney v. Penney, 357 So.2d 53 (La.App. 4th Cir., 1978), she asserts that alimony should be based on the husband's gross income, since such payments are deductible to the husband for income tax purposes.
This is not an accurate statement of the proper consideration to be given to the effect of tax laws. More accurately, the fact that alimony payments, for tax purposes, are deductible from income by the husband and are includible as income to the wife should be considered by the trial court as part of the totality of financial circumstances.
In this case the trial court permitted the introduction of evidence as to both the gross and the net salary earned by Mr. Meyer. There is no indication the court did not consider both figures and the tax consequences attributable to alimony in fixing the award.
Thus, the determinative issue is the adequacy of the award in the light of all circumstances established in the record, including the effect of an alimony award on the tax situation of both parties. The setting of alimony and child support obligations is an area in which the trial court is particularly vested with wide discretion. Even if the reviewing court considers the award to be low (as we do in this case), the award should not be disturbed unless it is so low as to constitute an abuse of discretion. We find no abuse and accordingly decline to disturb the award.
*1306 Finally, Mrs. Meyer seeks reversal of that portion of the judgment which held her to be in contempt of court for having violated the order that enjoined her from disposing of community property.
Violation of that order was never placed at issue either by pleadings or by court order, and Mrs. Meyer was never notified that she would be required to defend herself for such a violation. Furthermore, violation of the order was never mentioned until after the close of evidence, when the trial court commented on the conduct after a frustrating hearing punctuated with bickering among the lawyers and the parties. The comment about contempt was then included in the judgment prepared by Mrs. Meyer's now-discharged counsel.
The portion of the judgment holding Mrs. Meyer in contempt of court must be set aside for lack of notice and opportunity to be heard, reserving to the opposing party and to the trial court the right to provoke a rule for contempt based on the violation of the injunction, with proper notice and an opportunity to be heard.
For these reasons that portion of the judgment of the trial court which held Mrs. Sandra Meyer in contempt of court is set aside. In all other respects the judgment is affirmed.
SET ASIDE IN PART, AFFIRMED IN PART.
NOTES
[1] The award was apportioned as follows: $147.36 to payment of the mortgage note on the community home, $200.00 to alimony, and $400.00 to child support.
[2] $1,081 of this amount was for his share of the real estate commission on the sale. However, although licensed, he was not an active real estate agent, and he had no other income from commissions. Furthermore, he owned no other real estate except the family home.
[3] The husband had withdrawn approximately $17,000.00 from community savings, but was holding this amount pursuant to an injunction.