382 So.2d 972 (1980)
John Wayne SMITH
v.
Jenell (Janelle) Schexnayder SMITH.
No. 13023.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*973 Lennie F. Perez, Baton Rouge, of counsel, for plaintiff-appellant John Wayne Smith.
Johnny C. Moore, Baton Rouge, of counsel, for defendant-appellee Jenell (Janelle) Schexnayder Smith.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
Plaintiff John Wayne Smith brings this appeal from a judgment ordering him to pay alimony pendente lite to his wife Jenell (Janelle) Schexnayder Smith. Mr. Smith contends that the provisions of the Civil Code requiring him to pay alimony are gender based and therefore unconstitutional. Plaintiff alternatively contends that the trial court erred in finding that defendant was in need of alimony and that he was able to pay $300.00 per month.
The judgment herein was signed on May 15, 1979. On June 29, 1979, amendments to Articles 148 and 160, which removed the constitutional objections thereto, became effective. We must, therefore, consider the question of the constitutionality of Article 148 in its earlier form which is raised by plaintiff.
Article 148 of the Civil Code provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
In Williams v. Williams, 331 So.2d 438 (La.1976), the Supreme Court said:
"Upon consideration of article 148 in light of its objective, we conclude that the trial court erred in declaring the article unconstitutional. The article does not discriminate arbitrarily, capriciously, or unreasonably against males. Husbands and wives are not similarly situated under Louisiana's community property system. The legislative conferral of the right of claiming alimony pendente lite only to wives bears a fair and substantial relation to the legitimate objective of the articlea fair and orderly termination of the community regime. Accordingly, article 148 does not deprive males of equal protection or due process of law under the fourteenth amendment to the federal constitution, nor does it violate article I, sections 2 and 3 of the Louisiana Constitution of 1974."
Since that time, however, the United States Supreme Court has handed down its opinion in the case of Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), in which it found unconstitutional a provision of the Alabama law, similar to Article 148, supra. In that case, the theories of constitutionality advanced in the Williams case, supra, were considered and rejected, and the Alabama provision was found to be unconstitutionally discriminatory because it was unreasonably gender based. In addition, the United States Supreme Court has vacated a decision of the Louisiana Supreme Court which found Article 160 of the Civil Code constitutional, and remanded the case with instructions to reconsider the opinion in the light of the Orr decision. See Loyacano v. LeBlanc, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979); Loyacano v. Loyacano, 358 So.2d 304 (La.1978); on remand, 375 So.2d 1314 (La.1979). Finally, in the recent case of Lovell v. Lovell, 378 So.2d 418 (La.1979), the Supreme Court of *974 Louisiana found Article 160 to be unconstitutional. Article 160, similar to Article 148, provides for post divorce alimony for the wife out of the property and earnings of the husband.
In view of the foregoing, we find that Article 148 is unconstitutionally gender based, and cannot form the basis for an award of alimony pendente lite. In so finding we realize that a gap in the law has been created, as there are no other specific provisions for payment of alimony pendente lite. However, there are other provisions of the law which give us guidance in filling the gap so created, as we are obliged to do in our civilian system of law. Article 21, Civil Code.
Article 119 of the Civil Code provides:
"The husband and wife owe to each other mutually, fidelity, support and assistance."
Although the word "support" therein is a mistranslation of the French "secours", which means "help" or "aid", we think that Article 119 evidences a legislative intent that, so long as a marriage persists, either spouse must come to the assistance of the other, if the other is in need thereof. Plaintiff herein is therefore obligated to render such assistance to his wife if she is in necessitous circumstances and unable to provide for herself.
Plaintiff argues that he should not be compelled to pay alimony to his wife when she is capable of supporting herself. The record shows that Mrs. Smith is 22 years of age and in good health. She had been married to plaintiff less than five months before the separation, and there were no children born of the marriage. She has a G.E.D. high school equivalency certificate and has worked at a number of jobs, both before and during her marriage. She is, however, essentially untrained. At the time of the hearing, she was unemployed and living with her parents. She had made no effort to find work except to apply to the Baton Rouge Police Department, where there was no prospect of immediate employment.
Plaintiff, at the time of the trial, was a bricklaying contractor whose business in the year preceding the trial produced a substantial gross income, but a net income of less than $1,000.00. He had no job at the time of the hearing, but was waiting to hear about a couple of jobs on which he had bid. He testified that he was about to go out of business. He asserts that he is unable to pay any support, much less the $300.00 per month ordered by the court.
Heretofore, under Article 148 of the Civil Code, a wife in necessitous circumstances has not been compelled to seek employment as a precondition to receiving alimony pendente lite. On the other hand, a husband, who is employable, has not been able to evade his alimentary responsibility by failing to seek employment. See Zaccaria v. Beoubay, 213 La. 782, 35 So.2d 659 (1948); Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir., 1973).
We find that the change in social circumstances, which has compelled the finding of unconstitutionality of Article 148, also compels a different result in the award of alimony pendente lite under Article 119, as interpreted herein. In a case such as this, in which no impediment exists to the employment of the wife, she should not be entitled to alimony pendente lite unless it is made to appear that she is unable to find employment with which to support herself. Of course, each case of this nature must be decided on its own facts.
The judgment appealed from is therefore reversed, and there will be judgment herein in favor of plaintiff dismissing defendant's alimony rule at her cost.
REVERSED AND RENDERED.