GARRISON, Judge.
This is an appeal from a judgment of the district court granting to plaintiff the amount of $200.00 per month as alimony pendente lite. From that judgment, which we affirm, plaintiff appeals, seeking $400.00 per month.[1]
Plaintiff-appellant is a 30-year old female. She is presently attending Tulane University, working on her Master’s degree in film. She had no income at the time of the hearing, although some time before she had worked part-time at night. She testified that she had to quit working at night because she could not keep up with her school work. She testified at the hearing (October, 1980) that she expected to graduate in May, 1981. She submitted expenses totaling $1,140.00 per month. She decided not to ask for permanent alimony after divorce.
Defendant, a Tulane Spanish Literature Professor, is a Chilean national who expects to leave the country very shortly. He has a net income of $1,173.75 per month and submitted an expense list of $1,370.00 per month. When the couple separated, there was a joint checking account balance of $5,000.00 which the defendant spent. Defendant has four children, all over the age of majority, living throughout the world. He is presently living in open concubinage.
On appeal, defendant argues that plaintiff is not entitled to any alimony pendente lite, citing Smith v. Smith, 382 So.2d 972 (La.App. 1st Cir., 1980).
The Smith case, however, has been severely repudiated. Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2nd Cir., 1980). Smith was decided after the old Article 148 was declared unconstitutional but before the new Article 148 was enacted. This case falls under the new Article 148. In Arren-dell, above, the court stated:
“The purpose of alimony pendente lite is to temporarily, pending litigation, provide for the spouse who does not have sufficient income for his or her maintenance. Alimony pendente lite is ordinarily determined initially by summary proceedings within a few days after litigation is commenced. The award is usually effective from the date suit is filed. In a sense, it is designed to preserve and continue the status quo insofar as maintenance and support are concerned. It relates to facts as they have existed during the time the parties were living together and as they actually exist at the time the litigation commences, not to future possibilities and capabilities. Where one spouse is employed and has income and the other is not employed and has no income, the employed spouse is required to continue to provide for the maintenance of the unemployed spouse in this temporary situation. Where the spouses themselves have, during the marriage, assigned the role of wage earner to one and the role of homemaker to the other, fairness and practicality dictate that the wage earner spouse continue that role during the temporary period of litigation and adjustment. If both spouses are employed, then the income of both is to be taken into consideration. If neither is employed, then perhaps respective earning capabilities should be considered. Earning capability might be considered where a spouse has been regularly employed during the marriage but happens not to be employed at the very moment of trial of the alimony rule, and has the capability of securing employment immediately.” (at 930-931)
Defendant also argues that plaintiff’s parents should support her and are financially capable of lending that support. We find that it would be a most ill-founded action for this court to rule that the parents of major children are responsible for their *832 financial support in cases of separation. While the court is aware that the above concept of parental support is found in some Islamic legal systems, notably Egypt, this concept has never been part of the civil law of Louisiana. Additionally, it directly violates the Louisiana concept of spousal support. We shall not belabor this unwarranted issue any further.
On appeal, plaintiff argues that the alimony award should have been $400.00 a month. This is not an unreasonable amount and is in line with contemporary existing jurisprudence. The standard of review, however, is:
“Even if the reviewing court considers the award to be low (as we do in this case) the award should not be disturbed unless it is so low as to constitute an abuse of discretion.” Meyer v. Meyer, 371 So.2d 1304, 1305 (La.App. 4th Cir., 1979).
In Meyer, this court upheld an award of alimony pendente lite of $200.00 per month plus the house note of $147.36, or $347.36 (plus $400.00 child support) where the husband’s net income was $1,450.00. In Meyer, this court stated that the amount awarded was low but deferred to the trial judge’s discretion. In the instant appeal, we cannot conclude that the trial judge abused his discretion, even though we find, as in Meyer, that the amount awarded is low.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. Although defendant is the appellee in this case, he filed an answer to the appeal, asserting that appellant is not entitled to any alimony pendente lite.