643 So.2d 411 (1994)
Lichi CHI, Plaintiff-Appellee,
v.
Chour PANG, Defendant-Appellant.
No. 94-284.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*412 Lichi Chi (Pang), pro se.
Helen Scott Johnson, Lafayette, for Chour Chi Pang.
Before LABORDE, KNOLL and THIBODEAUX, JJ.
KNOLL, Judge.
This appeal concerns the award of support in a situation where the spouses are physically separated, but have not initiated divorce proceedings. Chour Pang, the husband of Lichi Chi, appeals the judgment of the trial court which ordered him to pay Lichi support of $1,000 each month.[1] The trial court determined that although Lichi contended that her estimation of monthly expenses was $1,941.86, the evidence preponderated that she had at least $1,000 of expenses each month and based its award on this amount.
Chour contends that the trial court erred: (1) in finding that Lichi proved by a preponderance of the evidence that she was entitled to support; and, (2) alternatively, that the trial court erred in awarding an excessive amount of support.
Lichi initiated this proceeding by filing a petition for protective orders pursuant to LSA-R.S. 46:2131 through 46:2139.[2] From the allegations of the petition, we glean that Chour allegedly attacked Lichi with a butcher knife, cutting her on the throat, hands, and face, and that criminal charges are pending against him for this conduct. Chour testified that at the time of the hearing he was living in California because of a court order which required him to live outside the state of Louisiana. Chour further stated that his daughter, Lisa, 11 years of age, was living with his older daughter, Janice, 24 years of age, in California.
At the time of the attack on Lichi, Chour was employed as an associate professor at the University of Southwestern Louisiana. Because of the attack, Chour retired from USL at the request of university officials. However, because Lichi refused to sign paperwork to initiate retirement, Chour was not yet receiving his retirement benefits. He estimated that he would be receiving approximately $2,000 per month in retirement as soon as Lichi signed the necessary documents. At the time of the hearing, the trial court found that Chour was not employed and that he had cash savings of $10,000. Chour does not dispute these facts.
Lichi was receiving monthly social security disability benefits at the time of the hearing which amounted to $289. She had also applied with the Social Security Administration to have a portion of her monthly home mortgage payment in the amount of $166 as an *413 additional disability benefit. Lichi further testified that she was under contract with the state of Louisiana to serve as a substitute teacher for $50 per day. At the time of the hearing, Lichi had not been working because of her physical injuries. Lichi further stated that she persisted in her refusal to sign Chour's retirement forms because she thought that it was not in her best interest.
From the outset, we find it necessary to clarify the record so that there is an understanding of the various procedural vehicles available for the award of spousal support in a situation where the spouses have not initiated divorce proceedings.
In the present case, Lichi filed a petition for protective orders under LSA-R.S. 46:2131, et seq. LSA-R.S. 46:2136 provides, in pertinent part:
"A. The court may grant any protective order or approve any consent agreement to bring about a cessation of abuse of a party, any minor children, or any person alleged to be incompetent, which relief may include, but is not limited to:
* * * * * *
(2) Where there is a duty to support a party, ... ordering payment of temporary support...."
Pursuant to LSA-R.S. 46:2136(D), "Any final protective order ... shall be for a fixed period of time, not to exceed three months, and may be extended by the court, after a contradictory hearing, in its discretion...." Unlike the directives of this latter statute, the trial court in the present case did not provide that the judgment would be only for a fixed period of time.
However, in addition to this provision, LSA-R.S. 9:291 provides in part:
"Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; for restitution or separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support... while the spouses are living separate and apart." (Emphasis added).
Under R.S. 9:291, we note that the trial court is not limited to ordering spousal support for a fixed period of time. Thus, this revised statute provides an additional means by which the trial court can address spousal support in a setting other than a divorce proceeding, an action under the statutes related to family violence as reproduced hereinabove, or a criminal proceeding on a neglect of family charge.
Although specific mention is not made in either LSA-R.S. 46:2136 or R.S. 9:291, it is evident that the source provision for the award of spousal support in a non-divorce setting is LSA-C.C. Art. 98 which states that "Married persons owe each other fidelity, support, and assistance."
We have referred to these statutes and the underlying codal basis for them to illustrate that the trial court has various ways to address the claim of a spouse for support when the spouses have not initiated a divorce action. Our other purpose in detailing these provisions is to show that LSA-R.S. 9:291 provides a legal justification for the trial court's support award without the inclusion of a fixed time limit. Louisiana's Code of Civil Procedure abolished the "theory of the case" restriction on pleadings. Gunter v. Plauche, 439 So.2d 437 (La.1983). Since Lichi's pleadings set forth facts which constitute her claim for support and Chour had an opportunity to present evidence contesting that assertion, the trial court was empowered to grant relief under whatever statute or codal article which applied to Lichi's claim. Cox v. W.M. Heroman & Co., 298 So.2d 848 (La.1974). Therefore, we find that the trial court could properly assess Lichi's claim for spousal support either under LSA-R.S. 9:291 or LSA-R.S. 46:2131, et seq., and was not restricted to a time limitation of three months in making its award of spousal support.
In a res nova issue, we now turn to Chour's first contention that the trial court erred in awarding spousal support by not assessing Lichi's entitlement under a standard that would require her to establish that she was in necessitous circumstances before finding that she was due spousal support. Chour argues that since Lichi's petition is not ancillary to a divorce action, the standard *414 established under LSA-C.C. Art. 111 for alimony pendente lite, an award proportioned to the needs of the claimant spouse and the means of the other spouse in order to maintain the status quo, is inapplicable herein.
Relying primarily on Smith v. Smith, 382 So.2d 972 (La.App. 1 Cir.1980), Chour maintains that Lichi failed to show that she was unable to provide support for herself. Smith was a case involving alimony pendente lite. Because of the declared unconstitutionality of former LSA-C.C. Art. 148, the codal authority for the award of alimony pendente lite, the appellate court referred to LSA-C.C. Art. 119, the source provision for current Article 98. Commenting on Article 119, the court stated:
"Although the word `support' [in article 119] ... is a mistranslation of the French `secours', which means `help' or `aid', we think that Article 119 evidences a legislative intent that, so long as a marriage persists, either spouse must come to the assistance of the other, if the other is in need thereof. Plaintiff herein is therefore obligated to render such assistance to his wife if she is in necessitous circumstances and unable to provide for herself."
Smith, 382 So.2d at 974.
Without defining what it meant by the term "necessitous circumstances" and without discussing whether the claimant spouse (the wife) was in necessitous circumstances, the appellate court concluded that since there was no showing that an impediment existed to the employment of the wife, the husband did not owe her alimony pendente lite. Since the appellate court did not elaborate on what it meant by the term "necessitous circumstances," we do not find that Smith conclusively supports Chour's position.
In the earlier case of Hingle v. Hingle, 369 So.2d 271, 272 (La.App. 4 Cir.1979), the Fourth Circuit avoided the term "in necessitous circumstances" and in dicta referred to Article 119 as being the source of an obligation for the "undivorced spouse with means to support the other when in need." Thus, it focused on the need of the claimant spouse.
In Louisiana Family Law, Professor Christopher L. Blakesley suggests that although support under LSA-R.S. 9:291 is different from that provided in LSA-C.C. Art. 111, it should be analyzed under Article 111 "because [its] ... purpose ... is to provide the amount required for the status-quo standard of living enjoyed by the parties during the marriage, as far as economic circumstances are concerned." Blakesley, Louisiana Family Law, § 11.03, § 15.08 (1993).
We agree with Professor Blakesley. Since the marriage of Lichi and Chour is not dissolved, it follows that the economic status-quo standard of living which exists is the only logical conclusion. Because status-quo is required pending the finalization of the divorce action, it would be nonsensical for us to conclude that a claimant spouse, in a support action brought while the parties are only physically separated, would have to establish necessitous circumstances before the spouse with means would have to provide support. Accordingly, in this case where the spouses are only physically separated, we find no error in the trial court's assessment of Chour's support obligation by making an award proportioned to the needs of Lichi, the claimant spouse, and the means of Chour, the other spouse.
We now turn our attention to Chour's argument that the trial court awarded an excessive amount of support. He argues that Lichi's estimation of monthly expenses was exaggerated, uncorroborated, and that her credibility was questioned.
It is axiomatic that a trial court's assessment of a witness's credibility is subject to the manifest error standard of review. Likewise, it has long been held that a trial court's determination of the economic needs of a spouse claiming support is not to be disturbed on appellate review unless it is clearly wrong.
After reviewing the record, we cannot say that the trial court was manifestly erroneous in its finding that Lichi was a credible witness. Similarly, we cannot say that the record does not support the trial court's determination of Lichi's monthly economic needs. In making these related statements, we point out that the trial court did not blindly accept *415 Lichi's estimation of monthly expenses. To the contrary, the trial court reduced Lichi's estimation of expenses from $1,941.86 to $1,000.
In reaching this conclusion, we find no merit to Chour's contention that Lichi was not entitled to support because she was employable. Lichi testified that she is approved to do substitute teaching within the Lafayette Parish schools. However, because of medical problems related to Chour's attack, she has not been able to work. Moreover, she stated that the school system had not called her that school year.
Finally, Chour contends that Lichi should not receive support because of her failure to provide necessary information and sign documents so that he and Lichi can begin receiving his retirement. In making this argument, Chour admits that there are no cases on point and attempts to analogize this situation to that of a spouse who tries to avoid alimony by refusing to seek employment or by voluntarily quitting work.
We have reviewed Lichi's written response to Chour's attorney (just prior to the hearing on her petition for support) which explained her reasons for not signing the retirement papers. Although she cited various concerns and did not sign the document, the record does not show that Lichi's actions have risen to the level of recalcitrance evidenced by the situations which Chour analogizes.
After carefully reviewing the record in light of the arguments presented, we find that the trial court's analysis maintained the economic status-quo between Lichi and Chour. Furthermore, after viewing the record, we cannot say that the trial court's $1,000 award of support to Lichi was not supported by the record.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Chour Pang.
AFFIRMED.
NOTES
[1] The trial court referred to the support award as alimony pendente lite. Since there is no suit for divorce pending, it is more proper to refer to this award as an award of support. Accordingly, we shall refer to the trial court's award only as a support award.
[2] Lichi also asked for the issuance of a preliminary injunction enjoining Chour from any form of physical abuse or harassment of Lichi and further enjoining Chour from going to Lichi's place of residence or employment or accosting her in any fashion. The trial court granted a preliminary injunction as requested by Lichi; Chour does not contest this aspect of the judgment.