YARRUT, Judge.
This appeal is by the husband from a judgment ordering him to pay $250.00 monthly alimony to his divorced wife for the benefit and support of his three minor children beginning one month prior to the date of the rule. Alimony for the wife is not an issue.
The judgment appealed from was the result of a hearing on a rule by the wife for alimony in arrears, and a rule by the husband for the reduction and suspension of alimony previously granted of $150.00 to the wife and $220.00 for the three children, or a total of $370.00. The basis for the reduction and suspension claimed by the husband is that he lost his job paying $500.00 per month, and his wife received about $4,000.00 in the community property settlement.
The husband has paid the alimony since the date of the rule, but refused to pay for the month prior to the rule.
While the husband was unemployed at the time of the rule, he possessed assets valued at $16,500.00 consisting of corporate stocks and a $9,500.00 equity in real estate. He diverted the equity in the real estate by transferring it to his brother who assumed to pay a mortgage due thereon, without any consideration for the $9,500.00 equity.
The court previously awarded monthly alimony of $150.00 to the wife and $220.00 for the children. At that time the wife was living in the' community house rent free, but was evicted and compelled to pay a monthly rental of $110.00 for another house for herself and the children.
As the alimony awarded is solely for the support of the children, and is payable by the husband from available assets, as well as income, and the husband admittedly has $16,500.00 in assets, but no current income from wages, the alimony of $250.00 per month for the three children, as awarded by the District Court, is correct, though subject to change in the future, based upon the needs of the children and divorced wife, and assets and earnings of the husband.
While £ divorced wife’s right to alimony is restricted to not more than one-third of the husband’s earnings under LSA-C.C. art. 160, alimony for the support, maintenance and education of the minor children is payable from either or both the income and property of whatever character of the father, under LSA-C.C. art. 227, and LSA-R.S. 14:74 — 14:75, the latter making it a *194 criminal offense for refusal to support one’s minor children.
The $4,000.00 the wife received as her share of the community property settlement which, invested at 5% per annum, would amount to about $17.00 per month, is not sufficient to warrant a reduction in the alimony award at this time. She is taking care of the three children which prevents her obtaining gainful employment to earn additional and needed income. Roberts v. Roberts, La.App., 145 So.2d 669, 670.
The judgment of the District Court is affirmed; appellant-husband to pay all costs in both courts.
Judgment affirmed.