HAMITER, Justice.
The question presented here relates to the alimony due by Leonard P. Sanders to his divorced wife, Shirley Williams Sanders, for her support and for the support of the litigants’ three minor children.
The proceeding is based on two motions and rules. In the first motion the wife alleged: “The amount of child support for the children of the petitioner was set at Two Hundred and Twenty and no/100 ($220.00) Dollars per month by this Honorable Court on April 9, 1965; that the amount of alimony for petitioner was set at One Hundred and Fifty and no/100 ($150.00) Dollars on July 19, 1965 by this Honorable Court.
“That the Court fixed the payment of the alimony and child support to be paid *591 in sums of One Hundred and Ten and no/100 ($110.00) Dollars for child support on the second and sixteenth of each month and Seventy-five and no/100 ($75.00) Dollars for alimony on the same dates of each month.
"That the defendant, Leonard P. Sanders, is in arrears in payments of alimony and child support.” The rule issuing from this motion merely ordered the husband to show cause why he “should not be made to bring the alimony payments up to date and contine to make such payments.”
In the second motion the husband averred “that the rule for alimony in arrears came for trial on December 17, 1965 but was continued to January 17, 1966, conditioned upon the alimony being reset and to apply retroactively to December 17, 1965.” Further, the husband’s motion set forth that he “is presently employed at a greatly decreased salary, which necessitates the reduction of alimony and child support.” The rule issuing from this motion ordered “that Shirley Williams Sanders do show cause * * why the alimony and support should not be reduced * *
The trial judge heard the two rules on January 14, 1966, and at the conclusion of the hearing he rendered and signed a judgment reading in pertinent part as follows: “IT IS ORDERED that the alimony set by this Honorable Court for the wife and the support for the minor children be and the same is hereby reduced to the sum of $250.00 per month payable $125.00 on the 1st and the 15th of each month, the first payment to commence Monday, January 17, 1966, and semi-monthly thereafter.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all alimony and support amounts prior to this judgment have been decided herein.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment against Leonard P. Sanders for alimony in arrears in the sum of $250.00.”
The husband appealed. The Court of Appeal, Fourth Circuit, affirmed the district court’s judgment and cast the husband for all costs in both courts. 188 So.2d 192.
On the husband’s application certiorari was granted (249 La. 733, 190 So.2d 240), we being primarily concerned about the failure of the two courts to apportion the alimony award between the wife and the three children.
The husband takes the position here that the unapportioned award of $250 included alimony for his divorced wife, as well as a support allowance for the children; that at the time of the trial, as shown by his testimony, he was unemployed and had no income; and that the trial court erred in awarding any alimony to his wife because Revised Civil Code Article 160 provides that a wife is entitled to no more than one-third of her divorced husband’s income. *593 He further urges that, for the time being, he he relieved of any alimony payments, even for the children, because of his mentioned circumstances.
In maintaining the trial court’s judgment, the Court of Appeal concluded that the award of $250 per month was proper because all of it was intended for child support and that the record reflected the husband’s ability to pay such amount.
We agree that the entire amount awarded ($250 per month) was intended for the support of the children. This is borne out by the fact that, during the trial, the wife waived temporarily her demand for alimony for herself. Thus in her brief to the Court of Appeal she stated: “Appellee was only demanding child support and was not interested in personal alimony at the time of this Rule. The record will show that the Court was only concerned with the children in determining this award. Appellee was only requesting an azvard in the nature of child support and zvas temporarily relinquishing any claim she may have for alimony.
“The trial court awarded child support in the amount of Two Hundred Fifty and no/100 ($250.00) Dollars monthly, * *.” (Italics ours)
Nevertheless, as correctly pointed out by the husband, the court overlooked that this judgment effected an increase in the earlier award for child support; and that the wife, in her motion, did not seek an increase in the children’s payments. She merely prayed that they be brought up to date and that the respondent husband continue making such payments. Consequently, it was improper to increase the child support under her rule from $220 to $250 per month, and we will have to reduce the award to the former amount.
 But we find no merit in the husband’s contention that he should be relieved of making payments for his children’s support. While the wife’s right to alimony is limited to one-third of her former husband’s income (Revised Civil Code Article 160), no such restrictions are placed on the amount due for child support which is a continuing obligation. Revised Civil Code Article 227 and LRS 14:74-75. And in determining a proper sum for child support the court may consider the assets of the father, as well as his income, and may order payment from either or both. Moser v. Moser, 220 La. 295, 56 So.2d 553. See also Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 and Laiche v. Laiche, 237 La. 298, 111 So.2d 120.
During the hearing on the rules involved herein the husband admitted owning assets valued at $16,500. Moreover, he recognized his obligation to support his *595 children and showed a willingness to do so. He further indicated that he expected soon to obtain employment. Under these circumstances we are of the opinion that an award for child support of $220 per month is not excessive.
Finally, the husband complains that the court erred in making executory the alimony award for the month between December 17, 1965 and January 17, 1966. He asserts that the record reflects that the wife admitted when the case was tried on January 14, 1966 that no alimony was then due. We find no such admission in the record. To the contrary, the wife’s attorney, during the trial, insisted that the judgment be retroactive to the December date. Moreover, in the motion filed by the husband reference is made to a condition that the judgment would be retroactive to December 17, 1965; and the court placed in the record at the commencement of the trial a stipulation to that effect.
For the reasons assigned the judgment is amended so as to reduce the award to Shirley Williams Sanders for the support and maintenance of the minors from $250 to $220 per month, payable $110 on the first and fifteenth of each month. Further, that part of the judgment for alimony in arrears is likewise reduced to $220. As thus amended the judgment if affirmed. Costs of this court are to be paid by Leonard P. Sanders.