REGAN, Judge.
This is an appeal from a judgment of the lower court refusing to alter a previous judgment wherein it fixed child support and alimony payments to be paid by the defendant herein, Dr. William S. Wiedorn. Mrs. Wiedorn initially filed a rule to increase child support and alimony payments, and Dr. Wiedorn responded with his rule to decrease these payments. Only Dr. Wiedorn has appealed from the judgment of the lower court which refused to alter its prior award.
The record discloses that Mrs. Wiedorn obtained a judgment of separation from her husband on April 27, 1967, and a judgment of divorce on January 23, 1969. She was given the custody of their four minor children and Dr. Wiedorn was ordered to pay $300.00 per month to Mrs. Wiedorn as alimony and $650.00 per month as child support together with the children’s private school tuition and their medical expenses.
The record reflects that at the time of the rendition of this judgment, Dr. Wiedorn’s 1967 income was $73,014.00.
In addition to the sum of $950.00 which Dr. Wiedorn was ordered to pay for alimony and child support, he itemized expenditures for tuition, medical, insurance, visitation, and miscellaneous expenses of approximately $795.00 per month, thus bringing Dr. Wiedorn’s asserted monthly expenditures to the total sum of $1,745.00 per month.
Dr. Wiedorn’s 1968 income amounted to $54,893.00, thus ostensibly evidencing a reduction in income of $18,000.00 between 1967 and 1968. The doctor testified that his 1968 net income after taxes was *835 $36,448.00, thus being slightly in excess of $3,000.00 per month.
Mrs. Wiedorn testified to detail relative to her actual living expenses for herself and her four minor children, whose ages are six, nine, eleven and thirteen. She explained that from January 18 to February 18, 1969, her living expenditures amounted to $1,199.11; from February 18 to March 18, $1,195.96; and from March 18 to April 18, 1969, $1,378.91. Thus, for the first three months of 1969 immediately preceding the trial below, Mrs. Wiedorn’s expenses averaged $1,254.66 per month.
The record further discloses that Mrs. Wiedorn was employed at the time of the trial, earning $360.00 per month. However, in order to retain this employment, she was required to incur the expense of a full time maid which amounted to $220.00 per month, so that the net return from Mrs. Wiedorn’s employment amounted to $140.00 per month.
Articles 229, 230 and 231 of the Civil Code rationalize that it is the obligation of the parents to maintain their children. The payments due in conformity with these articles are for food, lodging and support, together with the expenses of a minor’s education. Most significant is Article 231 which provides that alimony shall be granted in proportion to the wants of the person requiring it and the circumstances of those who are obliged to pay it.
In this case, it is clearly established that Dr. Wiedorn’s monthly income is slightly in excess of $3,000.00. His monthly expenditure for the support of his wife and children amounts to the sum of $1,745.00,[1] thus leaving an amount of between $1,250.00 and $1,300.00 after taxes for Dr. Wiedorn’s living expenses. This appears to be adequate in view of the fact that Dr. Wiedorn has not remarried and has no other obligations. On the other hand, the sum of $950.00, exclusive of educational and medical expenses, etc., added to the net return of $140.00 per month earned by Mrs. Wiedorn roughly approximate the amount which she needs for the support of herself and the four minor children. In view of these circumstances, we are convinced that the lower court did not abuse its discretion in refusing to lower the amount of alimony and child support which Dr. Wiedorn has been ordered to pay. Mrs. Wiedorn has not appealed from the judgment of the lower court refusing to grant her an increase in support payments; therefore, we are not required to express an opinion relative to the correctness of this judgment.
For the foregoing reasons, the judgment of the lower court is affirmed.
Each litigant is to bear his own cost incurred in the lower court. Dr. Wiedorn is to pay all costs of this appeal.
Affirmed.

. It should be noted that some of the items testified to by Dr. Wiedorn are in dispute and appear to be slightly inflated.