LANDRY, Judge.
Plaintiff-appellant complains of the amount of alimony awarded for the support of her four minor children whose custody she obtained in a divorce action brought against defendant, father of the children. The trial court granted plaintiff alimony in the sum of $650.00 monthly for the support of the couple’s children, Therese Annette Mire, Lubin Elie Mire, Denise Claudine Mire and Rene Joseph Mire, ages sixteen, fifteen, thirteen and nine, respectively. Plaintiff requests the support payments be increased to $1,000.00 monthly. We affirm the judgment of the trial court.
The trial court granted defendant visitation privileges consisting of the right to have the children visit in defendant’s home on the first week end of every other month from 5:00 P. M. Friday to 5:00 P. M. Sunday. Defendant, in his brief, prays that his visitation rights be expanded to permit his visiting the children at reasonable intervals at their home in Metairie, Louisiana. However, since de *799 fendant has neither appealed nor answered plaintiff’s appeal, no change in his favor can he made in the judgment rendered below. LSA-C.C.P. art. 2133. We note, nevertheless, that visitation privileges are a matter which can be inquired into by the trial court at any time. Should any disagreement arise between the parties in this respect, defendant may apply to the trial court for relief.
The sole issue before us is defendant’s ability to pay. In essence appellant contends that the trial court erred in failing to consider defendant’s total assets in assessing support, failing to consider defendant’s income in proper relation to his expenses, and failing to properly consider the “wants” of the children in the light of defendant’s total resources which are considerable. Plaintiff, relying primarily upon Sanders v. Sanders, 250 La. 588, 197 So.2d 635, Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, and Wiedorn v. Wiedorn, La.App., 232 So.2d 834, maintain the children are entitled to live on a scale equivalent to that which they enjoyed prior to their parents’ divorce. Defendant counters with the claim that, whereas, his income approaches $50,000.00 annually, he has unusual expenses resulting from severe illness and, therefore, the sum awarded by the trial court is reasonable. Defendant further points out that plaintiff herself has considerable net income after taxes and that to increase the support payments would, in effect, place the children on a higher economic plane than they previously enjoyed.
Plaintiff concedes she has an income of $10,396.00 annually after taxes. To this amount has been added the sum of $800.00 which plaintiff receives as annual rental from recently purchased property. Plaintiff’s itemized household expenses are $498.83 monthly, consisting of utilities $55.73; drugs, dental and medical expense $40.37; mortgage note on home $123.00; clothing $131.93; insurance on home and automobile $51.08; household repair $28.68; books and newspapers $21.70, and contributions $17.00. Appellant maintains the children should be attributed with four-fifths of this total expense, or $399.06. Mrs. Mire also listed the following living expenses: orthodontal care $25.00 monthly; school insurance $2.00 monthly; girls’ allowance $40.00 per month; boys’ allowance $20.00 per month; health and life insurance premiums $128.45 monthly. On this basis, appellant determined the monthly cost of maintaining the children, exclusive of educational costs, aggregated $636.97. To this, she added monthly tuition cost of maintaining the children in private schools which amounts to $320.92, making a total of $960.89 monthly required for the support of the children.
Defendant acknowledges the following income and assets: (1) 2,000 shares valued at $10.00 to $11.00 per share in the Dryfus Fund, Inc. which produce $2,975.69 in annual income; (2) &h shares in Amie, Inc. Holiday Inn; (3) 60 shares of Citizens Bank stock valued at $245.00 per share; (4) 10 shares in Lafourche Life Insurance Company; (5) l/i interest plus a Yr of a ¿4 interest in a store and 4,300 acres; (6) part ownership of four rent houses producing $1,526.73 per year; (7) a house worth $17,000.00; (8) royalty income of $40,319.37 from innumerable land tracts in which an undivided interest is owned by Mr. Mire, and (9) annual aggregate rental income of $8,388.32. Mr. Mire concedes that his royalty income has, as a whole, been on the increase each year.
For the past two and one-half years defendant has been seriously ill. He initially suffered from hepatitis, and later from a coronary vascular occlusion. Defendant’s left side is paralyzed; his left leg is braced; his left arm is supported by a sling. At present defendant is under the care of three physicians. Five days weekly defendant undergoes physical therapy for three and one-half hours to restore the use of his left arm and leg. Because of defendant’s helpless condition, the services of a live-in male nurse is required at a cost of $700.00 monthly, in addition to room *800 and board. In 1969, defendant incurred medical expense of $11,222.05. Defendant itemized the following' living expenses: apartment rent $225.00 per month; utilities $20.00 to $25.00 monthly; maid services $170.00 monthly; food and clothing $250.00 monthly; life insurance premiums $306.00 annually; premiums on family life insurance policy $400.00 per year; $800.00 annual premiums on two policies taken out on plaintiff’s life, and $128.00 annually on life insurance policy procured for the benefit of his youngest child. In 1969, defendant paid $6,000.00 in federal and state income taxes. Defendant also declared the following debts and obligations: $13,000.00 to Citizens Bank in Thibodaux on which he pays $250.00 monthly; $3,000.00 owed Fidelity Bank, which account is being liquidated at the rate of $500.00 monthly; $4,000.00 due Fidelity Bank on which he pays $216.65 per month; medical bills $2,-702.00, and $3,000.00 due the Estate of Mrs. Warren Barker, Sr.
Defendant’s physical condition is confirmed by the testimony of Vincent Louis Pizzalotta, registered practical male nurse who stated that he lives with defendant. He also attested that defendant’s condition is such that defendant is in need of care to dress, bathe and shave himself, and that defendant requires constant care and attention. Mr. Pizzalotta stated further that defendant’s condition is progressing but very slowly.
Appellant correctly contends that the duty of the father to support his children is not limited to one-third of his income as in the case of a wife seeking alimony. Sanders v. Sanders, 250 La. 588, 197 So.2d 635. Appellant also rightly argues that it is a father’s duty to support his children reasonably according to his means. Sanders v. Sanders, above. Finally, appellant maintains that children are entitled to support sufficient to maintain them on a basis commensurate with the family standard of living enjoyed before the parents’ separation, and are entitled to more than a bare subsistence. Our jurisprudence so holds. See Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321.
Equally well established is the rule that in assessing awards in matters of this nature, trial courts are vested with considerable discretion and their judgments will not be disturbed unless they constitute an abuse of such discretion. Wilmot v. Wilmot, above; Kahn v. Kahn, La.App., 236 So.2d 654.
In awarding the sum of $650.00 monthly, it appears that the trial court did in fact consider defendant’s assets as well as his income, although the trial court did not expressly mention the extent of defendant’s assets in its written reasons for judgment. It is significant that defendant’s considerable holdings consist primarily of undivided interests in lands, a family owned commercial enterprise and rental houses. Holdings of this nature are not readily marketable except at financial sacrifice. No prognosis of defendant’s expected rate of recovery appears of evidence. Considering the severity of defendant’s condition, and his indicated slow recovery, we deduce that his disability and attending large medical expense will continue indefinitely. Each case of this nature must be determined in the light of its own peculiar facts and circumstances. We cannot say that the trial court abused its discretion in failing to require defendant to dispose of income producing assets to pay a larger sum as child support. In the Kahn and Wilmot cases, above, the father was not burdened with unusual medical expense as is present defendant. We also note that present defendant does not possess that control over his income as does a professional who can increase or decrease his earnings depending upon his individual capacity for and inclination to work.
Child support is a matter which the courts may inquire into at any time. It may be changed if the condition of the parties varies. Should defendant’s con *801 dition improve and his expenses decrease, or his income increase, plaintiff may apply for an increase in the alimony granted.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by plaintiff, Therese Hebert Mire.
Affirmed.