CARTER, Judge:
Plaintiff appeals from a judgment reducing alimony and child support from $675.00 to $250.00 per month.
Virginia Bell Daigle and Richard John Daigle were divorced on August 2, 1977. Mrs. Daigle was awarded custody of a minor child and a total of $675.00 per month as alimony and child support.
On January 28, 1983, Mr. Daigle petitioned the court to have the monthly alimony and child support payments reduced. Mrs. Daigle filed an answer and a rule for past due alimony and child support in the amount of $2700.00.
The trial court rendered judgment reducing the original award of $675.00 to $250.00 ($100.00 for alimony and $150.00 for child support) and awarding Mrs. Daigle $2475.00 for past due alimony and child support. Mrs. Daigle has appealed.
Appellant contends that the trial court erred in reducing the original award made to her in light of (1) Mr. Daigle’s testimony concerning a substantial income for 1982, and (2) the jurisprudence which holds that one cannot avoid payment of alimony and child support by incurring substantial post-separation debts.
Mr. Daigle testified that at the time of the original award of $675.00 per month, he owned and operated a tugboat and that his income was $3800.00 per month. Since that time, his business has suffered a serious reversal and he has been unable to operate at a profit. In addition, Mr. Daigle testified that he was involved in an automobile accident, underwent surgery, and has been unable to work since that time.
In alimony and child support matters, the litigant requesting an adjustment in a prior award must prove a change in the financial condition of either one of the parties. Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir.1975), writ refused, 310 So.2d 844 (La.1975), amended and affirmed, 323 So.2d 513 (La.App. 4th Cir. 1975).
In the instant case, Mr. Daigle introduced evidence of numerous and substantial debts, and he testified that his only source of revenue was $400.00 per month which was earned by his second wife. It is clear that Mr. Daigle has proven a change in his financial condition.
Appellant argues that Mr. Daigle’s substantial income for 1982 [1] mandates a reversal of the reduction ordered by the trial court. Mr. Daigle testified, and the evidence substantiates his testimony, that he was unable to pay the court-ordered support in the latter part of 1982 because of serious financial setbacks. In January of 1983, he petitioned for a reduction in the payments. It is his current financial position and not his previous income which is determinative of whether or not a reduction is warranted. Appellant’s argument is without merit.
Appellant cites Renfroe v. Renfroe, 428 So.2d 875 (La.App. 1st Cir. 1983) in support of her contention that Mr. Daigle cannot avoid the payment of alimony and child support by incurring substantial post-separation debts. In the instant ease Mr. Dai-gle’s debts were the result of his efforts to *209 keep his business operating. We do not believe the debts were an attempt on his part to avoid his support obligations and we find no merit in this argument.
Lastly, appellant argues that the trial court erred in awarding only $2475.00 of the $2700.00 she alleges is due for past due alimony and child support. Appellant contends that she is entitled to $675.00 for each of the four months for which alimony and child support had not been paid prior to the rendition of the judgment in the instant case. Appellant reasons that the support payments were due and payable on the first of each month, and therefore, Mr. Daigle owes $2700.00.
The trial court rendered judgment on February 18, 1983, reducing alimony and child support, and making it payable on the 18th of each month. In addition, the trial court awarded, as past due alimony and child support, $2025.00 for three full months and $450.00 for February 1st through the 18th. We have carefully reviewed the computations made by the trial court and find no merit in appellant’s argument.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are to be paid by appellant.
AFFIRMED.

. Mr. Daigle testified that in 1982 the gross income for his business was approximately $90,-000.00 and of this $90,000.00, his personal income was approximately $22,000.00.