DUFRESNE, Judge.
Ventura F. Perez, Jr. appeals the dismissal of his rule for a reduction in child support, contending the trial court erred in not finding a change of circumstances that would merit a decrease. We affirm, finding the record supports a lack of sufficient change of circumstances that would warrant such a decrease. The child support for the minor child, Natalie R. Perez, which is subject to this appeal was set in 1982, in a judgment on a Rule for Contempt at $325.00 per month, together with the accrued medical and dental bills.
On May 11, 1984, Ventura F. Perez, Jr. filed a rule to reduce child support and in response to this rule, JoAnn Bergeron Du-puy (mother), his former wife, filed a motion seeking an increase in child support and requesting that the trial court find the father in contempt of court for failure to pay past due child support and also liable for attorney’s fees.
The trial court denied both the motions to increase and decrease, as well as the motion of contempt, with each party to bear their own costs. From this judgment only Ventura F. Perez, Jr. has appealed.
The central issue on this appeal focuses upon the finding of the trial court that there was insufficient change of circumstances to warrant a decrease in child support.
It is well settled that a party seeking a modification of child support bears the burden of showing a change of circumstances. Trice v. Trice, 428 So.2d 1265 (La.App.3rd Cir.1983).
The trial court is vested with much discretion in fixing the amount of child support, and such an award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in its factual appreciations. Trice, above. The amount of child support is calculated to the child’s needs as well as the circumstances of those who are obligated to pay it. Johnson v. Johnson, 432 So.2d 1140 (La.App.3rd Cir.1983).
We find the change of circumstances in the present case to be very insignificant. The record reflects that the father *20 has adequate income with regular employment.
Although the appellant filed a letter from his employer which indicated that he will be working 24 to 30 hours per week thru August 1984; the record indicates that into July he was working in excess of this projection. Likewise, although his pay rate was indicated to be $9.85 per hour commencing June 11, 1984, he worked at higher rates of pay.
It is also obvious the trial judge in considering the matter considered the fact that since 1982, the appellant has purchased many expensive items such as a new van for transportation, a new 25 inch color television set, a new bedroom set and a $3,500 organ. Without a doubt, these purchases have caused the appellant an increase in expenses.
We recognize that Mr. Perez has a limited income, but he has sufficient financial resources in which to support his child. Mr. Perez’s primary obligation is to support, maintain and educate his child. His obligation to support his child may not be prejudiced by his voluntary assumption of other financial responsibilities. Goodrich v. Goodrich, 421 So.2d 962 (La.App.3rd Cir.1982).
Accordingly, we find the learned trial judge did not commit manifest error in not finding a sufficient change of circumstances and denying the decrease in child support. We therefore affirm the trial court’s judgment sustaining the child support award of $325.00 per month.
AFFIRMED.