THOMAS J. KLIEBERT, Judge Pro Tern.
Plaintiff-appellant, Anthony Ledet, the husband, and Phyllis LeBlanc Ledet, his wife, were divorced by judgment dated August 12, 1982. The judgment ordered the husband to pay $800.00 per month alimony to the wife and $200.00 per month child support per child (three in total) which was in the same amount as the previously fixed by consent in the separation proceedings. In October 1984, Ledet filed a rule to terminate alimony and child support. His wife responded by asking for an increase in child support. Following a hearing, the trial judge reduced the alimony to the wife to $500.00 per month and set child support at $250.00 per month each for Laurie and Elizabeth Ledet, the only remaining minor children of the marriage. The husband brought this appeal contending the trial judge erred in failing to terminate alimony and decrease child support. The wife did not appeal, answer the appeal, or file a brief. We affirm.
Changes in the income, expenses and status of the parties occurred from the time the divorce judgment was rendered and the rule involved here was heard.
When the rule to terminate was filed on October 1, 1984, the husband was unemployed. At the time of the hearing on November 12, 1984, he had been employed by Pel-Tex Oil Company, Inc., at an anticipated salary of $6,250.00 gross and $4,006.46 net per month. His new employment required a move to Houston, Texas. Previously, he had been employed by McCormick at a gross annual salary for 1982 of $103,500.00 and income of $5,101.00 from T & R Specialties, a partnership.
Since the divorce decree, Mr. Ledet had remarried and the community property existing between him and his first wife had been partitioned. Although the present Mrs. Ledet was unemployed, the former Mrs. Ledet was employed as a school teacher with net earnings of $14,000.00 per year, and by virtue of a division of the communi *978 ty property and donations from her parents, accumulated assets valued by the husband’s counsel at $200,000.00. Both she and Mr. Ledet were receiving about $2,000.00 per year as dividends paid on McCormick stock received in the community property partition. Additionally, Mrs. Ledet was receiving some oil royalties (an average of $124.00 over a three month period) from a donation by her parents. Although Mr. Ledet still owned his interest in T & R Specialties, his income from this source over the past two years was nill with very little expectation for income in the future.
According to his affidavit filed in the record, Mr. Ledet’s monthly expenses were said to be $4,896.00. This included child support and alimony of $1200.00 per month and expenses of approximately $800.00 per month for his children. The affidavit filed by Mrs. Ledet showed expenses of $3,300.00 which she apportioned at $1,550.00 for herself and $1,750.00 for the children.
Counsel for Mr. Ledet contends that the changes in circumstances of the parties required a more substantial reduction in the alimony. Since the husband had a substantial loss in income and increase in expenses, while the wife had a substantial increase in income and assets, she now had sufficient means for her support. In support of the argument, counsel for the husband cites cases holding that wives with incomes and/or assets as shown: Assets of $30,000.00, Montz v. Montz, 221 So.2d 40 (La.1969); trust principal of $100,000.00, Worley v. Worley, 247 So.2d 254 (La. 3rd Cir.1971); $94,450.00 in assets, Frederic v. Frederic, 302 So.2d 903 (La.1974); income $21,373.00, assets increased by $50,000.00, Cromwell v. Cromwell, 419 So.2d 974 (La. 3rd Cir.1982); $119,000.00 in assets, White v. White, 356 So.2d 1023 (La. 1st Cir.1977), had sufficient means for their support and hence were not entitled to alimony. He also points to Silas v. Silas, 399 So.2d 779 (La. 3rd Cir.1981) where a well educated wife with an income of $12,000.00 per year was considered as having sufficient means for her support.
The trial judge did not accept the arguments, nor do we. The husband’s counsel ignores the fact the bulk of the assets which he now urges the wife to sell to support herself were a donation by her parents subsequent to the divorce and the record does not bear out his assignments of value.
We have carefully reviewed the record and considering the present income, the expenses, the status, the assets and income producing abilities of the parties and their children’s accustomed-to-style of living, in our opinion the trial judge was most reasonable and fair in setting the alimony and child support. Moreover, under the standard set for our review, the amounts set by the trial court are entitled to great weight and should not be altered on appeal unless manifestly erroneous. Baham v. Baham, 456 So.2d 1032 (La. 5th Cir.1984); Gros v. Gros, 463 So.2d 37 (La. 5th Cir.1985), writ denied 464 So.2d 303.
Accordingly, the ruling of the trial judge is affirmed. Costs of the appeal are to be borne by the appellant.
AFFIRMED.