535 So.2d 790 (1988)
Kathy Martin HALL, Appellee,
v.
Charles Norman HALL, Appellant.
No. 19753-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
*791 Love, Rigby, Dehan, Love & McDaniel by Truly W. McDaniel, Shreveport, for appellee.
Ronald R. Inderbitzen, Shreveport, for appellant.
Before JASPER E. JONES, FRED W. JONES, Jr., and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
A father filed a rule to modify a joint custody decree to make him residential custodian of one child and to reduce or terminate the child support paid for the other child who remained with the mother. Judgment was rendered changing the residential custodianship as requested and monthly support for the child remaining with the mother was continued at $325. The father appealed, arguing that the child support should have been either terminated or reduced. For the reasons explained, we affirm.
Charles N. Hall and Kathy Hall were divorced on September 29, 1982. The divorce judgment incorporated a consent decree which designated Mrs. Hall as the residential custodian of the two minor children, Norman and Charles. She was awarded child support in the amount of $325 for each child, for a monthly total of $650.
In January 1987 the older child, Norman, decided that he no longer wished to reside with his mother and moved in with his father. At that time, of his own accord and without court approval, Hall reduced his monthly child support payment to his former wife to $325. In April 1987 the father filed a rule to be declared residential custodian of Norman and to either reduce or terminate the monthly child support paid to his former wife for Charles, alleging a substantial change in the financial circumstances of the parties. Mrs. Hall responded by filing a rule for past due child support, contempt for nonpayment of child support, and for attorney fees.
The rules were consolidated for trial and heard in June 1987. All issues were resolved by agreement except the issue of child support for Charles.
Mrs. Hall testified that when child support was originally fixed the parties were separated and she was unemployed with no significant income. Subsequently, after the divorce was consummated, she invested her cash share of the community property settlement (approximately $180,000) in certificates of deposit and was living on the interest payments of $1625.62 per month and child support, making her approximate monthly income the sum of $2300. She received other assets in the community property settlement, including home furnishings and an automobile. Mrs. Hall was attending college and planned to go to medical school.
Mrs. Hall also presented evidence concerning monthly expenses for her and the younger child, totaling in excess of $3,000.
Hall testified that when child support was fixed his annual income varied from $35,000 to $80,000. Later, he stated that his residential construction business took a drastic turn for the worse because of the poor economy. Income tax returns for 1984, 1985 and 1986 showed that Hall's income for those years ranged from about $20,000 in 1984 to approximately $13,000 in 1986. Hall made $400 per week working for his brother, doing carpentry and sheetrock work whenever work was available. Hall also said he did small construction jobs on his own.
Hall's share of the community property settlement was invested in a sporting *792 goods business which failed, and Hall lost most of this investment. He had negligible savings and asserted that his checking account contained only enough to satisfy his monthly living expenses. Hall was living in a $40,000 house which he purchased with funds inherited from his father.
Hall argues that the child support for Charles should be terminated because of the parties' changed financial circumstances and the change of domiciliary custody of one child. He points out that Mrs. Hall does not contribute to the support of Norman.
In oral reasons for judgment the trial court concluded that the parties' circumstances had not substantially changed. He reasoned that Hall earned around $1800 per month, owned a home and truck which were both paid for, and inherited a significant amount of property from his father, subject to a usufruct in favor of his mother. In spite of recent financial difficulties, Hall was deemed to be capable of earning a very good living. Consequently, the child support for Charles was continued at $325 per month.
A mutual obligation of supporting, maintaining and educating children of the marriage is imposed by law on both parents. La.C.C. Art. 227. This obligation is not necessarily required to be divided equally between them, however. Each must contribute in proportion to his or her respective circumstances and the needs of the children. La.C.C. Art. 230; Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir. 1987); Sims v. Sims, 457 So.2d 163 (La. App. 2d Cir.1984); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2d Cir.1981).
There is no mathematical formula to be used in arriving at an appropriate child support award; rather, the courts are to consider all pertinent circumstances, and each case must be decided on its own facts. Sims, supra; Hudson v. Hudson, 421 So. 2d 1188 (La.App. 2d Cir.1982); Clynes v. Clynes, 450 So.2d 372 (La.App. 4th Cir. 1983). The day-to-day care and supervision given by the custodial parent, which cannot be precisely measured, is a substantial contribution to the support obligation. Ducote v. Ducote, 339 So.2d 835 (La.1976); Sims, supra; Chaffee, supra. If parents contribute equally to the day-to-day care of children, their financial support obligations must be borne in the proportion to their ability to pay. Osborne, supra. When apportioning the mutual child support obligation between the parents, the court may consider and order payment from either or both the assets and the income of each parent. Id; Sanders v. Sanders, 250 La. 588, 197 So.2d 635 (1967).
A judgment awarding child support is subject to modification only when justified by the circumstances, and the party seeking modification has the burden of proving that a change in circumstances has occurred since the fixing of the prior award. La.R.S. 9:311; Creech v. Creech, 449 So.2d 1192 (La.App. 2d Cir.1984); Duhe v. Duhe, 466 So.2d 595 (La.App. 5th Cir. 1985); Daigle v. Daigle, 448 So.2d 207 (La. App. 1st Cir.1984). This rule is applicable even when the judgment sought to be modified is a consent decree. Osborne, supra; Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir.1982).
A trial judge has considerable discretion in the fixing and modification of child support awards. His determination regarding the respective abilities of each parent to contribute to the fulfillment of this mutual obligation, or whether the burden of proof regarding modification has been met, is entitled to great weight, and will not be disturbed on appeal unless there has been a clear abuse of discretion. Boswell v. Boswell, 501 So.2d 972 (La.App. 2d Cir.1987); Scheffler v. Scheffler, 453 So.2d 960 (La.App. 5th Cir.1984).
Hall contends the trial judge abused his discretion in finding he had not carried his burden of proving a change of circumstances since the fixing of the original award in this case. He argues that his declining residential construction business and failed investment in a sporting goods store have caused him to suffer a substantially reduced income, while his ex-wife's profitable investment of her share of the community property settlement proceeds has greatly *793 improved her financial situation. He points to her affidavit of expenses, which was filed into the record, as reflecting an affluent lifestyle not enjoyed by her at the time child support was originally fixed. He argues that this evidence clearly establishes the requisite change in circumstances, and that he is thus entitled to a termination, or at least a further reduction, in his child support obligation.
Mrs. Hall, on the other hand, argues that the trial judge's decision should not be disturbed, as it is a wise exercise of the broad discretion granted him in this type of case, and involved an assessment of Mr. Hall's credibility. She claims the record supports the judge's conclusion that circumstances have not changed significantly since the original award, as Hall's testimony concerning his current income and poor financial status was vague and conflicting. She also claims that the record contains no proof that he can no longer afford to pay the support award imposed by the court.
We agree with the position taken by Mrs. Hall. While it is true, as Hall asserts, that he is required to contribute to the financial support of both children while Mrs. Hall contributes nothing toward the financial support of the child in his custody, this does not mandate the result requested by Hall. As stated, the child support obligation is not required to be divided evenly between parents. The Halls both contribute to the day-to-day care and supervision of the children, and the trial court was free to apportion the obligation of contributing financial support between them according to his assessment of the situation, including the respective ability of each party to pay, the credibility of the witnesses, and any other factors deemed pertinent.
In Ledet v. Ledet, 489 So.2d 977 (La.App. 3d Cir.1986), faced with facts similar to these, the court found that the trial judge had not abused his discretion in failing to terminate alimony and reduce child support, notwithstanding the husband's claim that he had a substantial loss in income and increase in expenses while the wife had a substantial increase in income and assets due to the division of the property of the former community. Moreover, in LeBlanc v. LeBlanc, 452 So.2d 402 (La.App. 3d Cir. 1984), the court held the trial judge had properly reduced the former husband's monthly support payments in light of his decreased income, but that there was no abuse of discretion in not reducing payments further or terminating them altogether, since the needs of the children had not changed. Hall presented no evidence that the needs of either child have changed since the rendition of the original award.
Both of these decisions stressed the wide discretion vested in trial courts in cases involving child support awards. In this case the trial judge was not convinced that Hall's financial situation had changed sufficiently to warrant a modification of the prior award.
A parent's primary obligation is to support his or her children, and the law does not allow this obligation to be prejudiced by a parent's voluntary assumption of other responsibilities, or by financial difficulties brought upon himself. Moore v. Moore, 380 So.2d 180 (La.App. 2d Cir.1980); Perez v. Perez, 468 So.2d 18 (La.App. 5th Cir.1985). While the failure of the sportings goods business may not have been Hall's fault, it should be noted that he testified he voluntarily diverted his assets from lucrative employment to this investment which was at best an uncertain venture. The record also reveals various expenditures by Hall which were not absolutely necessary, and which the trial judge could reasonably have concluded prejudiced his ability to provide for the support of his family.
Therefore, the trial judge properly reduced Hall's monthly support payments from $650 per month to $325 per month since only one of the two minor children is now residing with Mrs. Hall, but there was no abuse of discretion in refusing to reduce his obligation further or terminate it altogether since there was no showing that the needs of the child in Mrs. Hall's custody have changed, and Hall still has the means available to pay support for this child.
*794 For these reasons, the judgment of the trial court is AFFIRMED, at appellant's cost.