O.E. PRICE, Judge Pro Tern.
Jimmy Clyde Grigsby appeals a judgment increasing child support payments from $200 to $500 per month. Finding no abuse of the trial court’s great discretion, we affirm.
FACTS
Jimmy Clyde Grigsby and Mary Sue Gregory Grigsby (now Dugdale) were divorced in 1980. Mrs. Dugdale was awarded custody of the couple’s minor daughter, age 5, and $200 per month for the child’s support, plus all medical and educational expenses.
On February 23, 1989, Mrs. Dugdale filed a Rule for Increased Child Support. The matter was tried and the court granted the requested increase from $200 per month to $500 per month. The judge found that Mr. Grigsby had failed to provide a major medical insurance policy for the child in the past and that the premiums of $48.00 on a policy obtained through Mrs. Dugdale’s employer would be reimbursed in the form of an increase in monthly support payments. The court recognized the increased needs of the child, now about to enter high school and rejected Mr. Grigs-by’s contention that he could not afford to pay additional support because he had recently inherited $200,000.
Mr. Grigsby asserts three assignments of error:
1. The court awarded a 150% increase in support without a showing by plaintiff that the circumstances of either party had changed, that the needs of the child had changed, or that his income and expenses justified substantial increase.
2. The court failed to consider the income of plaintiff and her new husband in setting the support award.
3. The court effectively made the increase award retroactive by ordering “reimbursement” of the major medical premiums where no previous increase had been ordered and where plaintiff had not sought compliance from Mr. Grigsby.
DISCUSSION
We are not persuaded by Mr. Grigs-by’s contention that Mrs. Dugdale failed to sustain her burden of proof to show a change in circumstances.
Contrary to Mr. Grigsby’s contention that there is absolutely no showing of any evidence to document a change in circumstances, the record is replete with reference to particular changes in circumstances of the father, mother and child. The record reflects the following changes in circumstances.
With respect to Mr. Grigsby, the record reflects that he has remarried and that one child has been born during the marriage. Mr. Grigsby is a self-employed jeweler working out of a shop attached to his home. Mr. Grigsby testified that his income from this venture yielded approximately $400 monthly in net income and that he had insufficient cash flow to allow an increase to a $500 monthly support payment. However, he acknowledged at trial that he maintains $50,000 in liquid invest *1311 ments in utility stocks, that he received during the month preceding the trial the sum of approximately $7,900 and had additional assets over $200,000. He further testified that in a 30-day period within the year prior to trial he spent $20,000 on new vehicles, made a $12,500 down payment on a new house and still has $50,000 in stock investments, $7,900 in cash, more than $150,000 of immovable property, and at the very minimum, $25,000 in jewelry.
With respect to Mrs. Dugdale, the record reflects that she too has remarried and two children have been born during the marriage. She is employed by a bank netting $1,117.78 per month. Her income has increased over the past ten years from $485.00 to $1,117.78 on a net basis. Mrs. Dugdale testified that her expenses have also increased.
With respect to the child, Jill Ann Grigs-by, the record reflects that at the time of trial in 1989, she was 14 years old and preparing to enter high school. She is an intelligent, well-adjusted young girl, active in extracurricular and church activities. Expenses associated with her have increased since the original setting of support in 1980.
When apportioning the mutual child support obligation between the parents, the court may consider and order payment from either or both the assets and the income of each parent. Sanders v. Sanders, 250 La. 588, 197 So.2d 635 (1967); Fellows v. Fellows, 267 So.2d 572 (La.App. 3d Cir.1972).
Although permanent alimony is not an issue, the case law on depletion of assets by permanent alimony claimants is persuasive because both assets and income are considered pertinent to the alimentary obligation, whether child support or alimony. See Frederic v. Frederic, 302 So.2d 903 (La.1974).
A support claimant is not required to sell his or her home or deplete assets entirely but may be required to deplete liquid assets to some extent, before being entitled to receive support payments. See and compare Sonfield v. Deluca, 385 So.2d 232 (La.1980), and cases cited therein; Whipple v. Smith, 428 So.2d 1114 (La.App. 1st Cir.1983), writ denied, 433 So.2d 154 (La.1983); Darbonne v. Darbonne, 427 So.2d 558 (La.App. 3d Cir.1983); and Duplantis v. Duplantis, 470 So.2d 480 (La. App. 1st Cir.1985).
Conversely, the support payor's assets and income are relevant factors in setting an award for child support.
There cannot be an exact formula or rule for deciding whether and to what extent any depletion of assets is required of a support claimant. Courts must apply a “rule of reasonableness” in light of such factors as the value and liquidity of the assets; the ages and the mental and physical health of the parties; their relative ability, education and work experience; and the potential effect of asset depletion on the children of the marriage. Loyacano v. Loyacano, 358 So.2d 304 (La.1978).
The record reflects that the trial judge considered the assets and income of both parties in determining the amount of support. The judge specifically pointed out that Mr. Grigsby could rearrange his finances to meet his obligation of support.
We find that the record reflects that there have been significant changes in the circumstances of the parties and in the needs of the child. Accordingly, Mrs. Dug-dale met her burden and we find no abuse of the trial judge’s great discretion. This assignment of error is without merit.
Mr. Grigsby’s second assignment of error is that the trial judge failed to consider Mrs. Dugdale’s new husband’s income in setting the award, contending that there was no evidence regarding the amount of Mr. Dugdale’s income.
The amount of Mr. Dugdale’s income was not included in Mrs. Dugdale’s affidavit statement of monthly income and expenses. However, Mrs. Dugdale testified that Mr. Dugdale’s average monthly income was sixteen hundred ($1,600.00) dollars. Mrs. Dugdale testified that the expenses and income shown in her affidavit were attributable to her and Jill Ann. She admitted under cross examination that only *1312 the mortgage payment itemized was attributable to the entire family. Moreover, the addition of a new child to the family and associated expenses was not included in the itemization. That evidence was before the court, and the judge noted in his opinion that he considered the testimony and evidence in setting the award; in his Response to Motion for New Trial, the judge noted that Mr. Dugdale’s income was not included in the affidavit of income and expenses, but that his expenses were also not itemized or considered. This assignment of error is without merit.
Mr. Grigsby’s third assignment of error is that the trial court effectively made a retroactive award of support by ordering reimbursement of major medical premiums. The use of the word reimbursement in the court’s opinion allows for such a construction.
However, the court’s Response to Motion for New Trial, which denied a new trial to Mr. Grigsby, makes clear that the award is not retroactive to some time in the past but is the payment of the major medical expense as it occurs each month. The court found that Mr. Grigsby “has shown himself to be totally unreliable as to the payments of the non-specified support obligation of education and medical expenses. The Court therefore, by simply ordering an increase in the specific monetary child support, in effect, recognized Mrs. Dugdale as the responsible parent to pay the medical expenses, as well as all other educational expenses. [Mr. Grigsby’s] additional argument that the court’s award was contrary to law is itself erroneous, in that the Court did not make the child support modification retroactive, but simply used the cost of Mrs. Dugdale’s insurance in computing Mr. Grigsby’s monetary obligation.” This assignment of error is also without merit.
Finding no abuse of the trial court’s great discretion, the judgment of the court is AFFIRMED.
AFFIRMED.